WENDEL DIEL, Respondent, *v.* THE HENRY ZELTNER BREWING COMPANY, Respondent.

*Negligence — evidence showing that the defendant was responsible for the management and control of a wagon bearing the defendant's name.*

In an action to recover damages for personal injuries sustained by the plaintiff who, while passing along a street at night, tripped and fell across some skids lying on the sidewalk, it appeared that a beer wagon stood in the carriageway, on which wagon was the name of the defendant, a brewing company, and that immediately after the plaintiff's fall the men on the wagon picked up the skids and placed them upon it.

It was conceded that in the absence of explanation the presence of the name of the defendant on the wagon was *prima facie* evidence that it was owned by the defendant and in its service, but a witness, who carried on a business for himself, buying from the defendant and other brewers and selling to his customers, testified: "The Henry Zeltner Brewing Company (the defendant) had no control over the conduct of my business at that place. I *run* it myself. The wagons that are used in the conduct of that business are *run* by the Henry Zeltner Brewing Company and William A. Miles & Co. and the Pabst Brewing Company. They are simply loaned to me to use to carry on that business;" and, further, speaking of the defendant: "They allow me to use their wagons and wagons and horses. They supply me with them. They have to do all that business, and it is all included in the price paid by me."

*Held,* that the natural interpretation of the expression that the wagons "are *run* by" the defendant was that they were operated, controlled and managed by the defendant, which construction was emphasized by the distinction made by the witness in reference to his business, concerning which he said: "I *run* it myself;"

That there was sufficient evidence to justify the trial court in submitting to the jury the question whether the persons in charge of the wagon were the employees of the defendant.

APPEAL by the defendant, The Henry Zeltner Brewing Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 22d day of January, 1898, upon the verdict of a jury for $600, and also from an order, entered in said clerk's office on the 30th day of December, 1897, denying the defendant's motion for a new trial made upon the minutes.

*John R. Halsey,* for the appellant.

*Isaac N. Mills,* for the respondent.

CULLEN, J.:

The action is to recover damages for personal injuries claimed to have occurred through the negligence of the defendant. The plaintiff's statement is that while passing along the street at night, in front of the defendant's premises, he tripped and fell across some skids lying on the sidewalk; that a beer wagon stood in the carriageway adjacent to the sidewalk at the point where the skids lay, on which wagon was the name of the defendant; that, immediately after his fall, the men on the wagon picked up the skids and placed them on the wagon. The defendant denied the occurrence of the accident, and also that the persons in control of the wagon were its servants.

But one question is seriously argued on this appeal; that is, the sufficiency of the evidence to connect the defendant with the persons in control of the brewer's wagon. Counsel for the appellant concedes that, in the absence of explanation, the presence of the name of the defendant on the vehicle was *prima facie* evidence that it was owned by it and in its service. (*Norris* v. *Kohler*, 41 N. Y. 42; *Seaman* v. *Koehler*, 122 id. 646.) But he claims that the undisputed evidence on the trial rebutted this inference. The defendant's brewery was situate in the city of New York. In the city of Mount Vernon, at the place where the accident occurred, there was a building bearing the sign "Depot and Bottling Department of The Henry Zeltner Brewing Company." From this place beer, both bottled and in kegs, was sold and delivered. For the defendant a witness (Hobby) was called, who testified that he carried on business there on his own account, buying from the defendant and other brewers, and selling to his own customers. The defendant, by its own wagons, delivered beer to Hobby, daily or nearly every day; Hobby then delivered the beer, by other wagons, to his own customers. The wagons and teams which Hobby used for delivering the beer to his customers were the defendant's property, the wagons bearing the defendant's name. It appears also that he used the defendant's pass books and billheads, all the bills being made out in its name, with the addition of "William Hobby, Agt. and bottler." The appellant is right in its contention that neither the ownership of the wagons nor the privilege given Hobby to use its name in dealing with his customers, rendered it liable for an

injury to a third party with whom it had no contractual relations. But there is evidence in the case which tends to show that the management of the wagon was in the defendant. Hobby testified : " The Henry Zeltner Brewing Company had no control over the conduct of my business at that place. I *run* it myself. The wagons that are used in the conduct of that business are *run* by The Henry Zeltner Brewing Company and William A. Miles & Co. and the Pabst Brewing Company. They are simply loaned to me to use to carry on that business. The horses are fed by me, and the drivers are paid by me." And, again, speaking of the defendant, " they allow me to use their wagons and wagons and horses ; they supply me with them ; they have to do all that business and it is all included in the price paid by me." I think the natural interpretation of the expression that the wagons are *run* is that they were operated, controlled and managed by the defendant. This construction is emphasized by the distinction the witness himself draws. He says, referring to the business : " I *run* it myself." No officer of the defendant was produced to show what the exact relation between it and Hobby was, and while the character of the billheads and pass books which the defendant permitted Hobby to use would not estop it from denying Hobby's agency as against persons not dealing with him on the strength of his apparent authority, still it was some evidence of the actual relation between the parties. Considering both the way in which the business was carried on and the testimony of Hobby already quoted, we are of opinion that there was sufficient evidence to justify the trial court in submitting to the jury the question whether the persons in charge of the wagon were the employees of the defendant.

The judgment and order appealed from should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.