MARY S. NORRIS, administratrix of WILLIAM H. NORRIS, deceased, Appellant, *v.* JOHN H. KOHLER, Respondent.

In an action for causing death in the streets of a city, charged to have been by the negligence of the defendant's servants, evidence that the fatal injury was occasioned by a runaway span of horses and wagon, owned by the defendant,—*held*, sufficient to authorize a jury to find persons in charge of such horses and wagon to be his servants, although engaged at the time in a business which appeared to be that of another person, whose name, as carrying on such business, was painted upon the wagon. (GROVER and LOTT, JJ., *contra*.)

(Cause argued June 16th, 1869, decided September 23d, 1869.)

THIS is an appeal from the General Term of the Superior Court of the city of New York, affirming a nonsuit of the plaintiff by Judge BARBOUR.

The action was brought by the administratrix of Wm. H. Norris, who was killed on the 24th of August, 1867, in Monroe street, in the city of New York, to recover damages for the alleged negligence of the defendant's servants in causing his death. It appeared that the deceased, while standing on the sidewalk near his own wagon, from which he was peddling vegetables, was struck in the breast by the pole of the wagon to which a span of runaway horses were attached, and received injuries resulting in his death the next day. The runaway team was proved to be owned by the defendant. It appeared that it had been that day in charge of two persons, engaged in peddling pies from the wagon. They stepped into a grocery store, at the corner of Scammel and Monroe streets, to sell some pies, and while there, the horses started and ran away. It was not positively proved who carried on the pie business; but the article peddled was called "Mrs. Hopkins' pie," and there was painted upon the side of this, and all the wagons engaged in it, conspicuously, "Mrs. Hopkin's Pie Bakery." On the rear of this wagon was defendant's name.

No connection in business, between Mrs. Hopkins and the defendant, was shown, nor was there any other evidence that

he was or had ever been engaged in the business of making or selling pies.

The court upon this evidence nonsuited the plaintiff, which nonsuit was affirmed by the General Term, and the plaintiff appeals here.

*Rowland M. Hall,* for the appellant, cited, *Holbrook* v. *U. & S. R. R.* (12 N. Y., 242); *Bernhardt* v. *R. & S. R. R. Co.* (32 Barb., 144); *Johnson* v. *H. R. R. R. Co.* (20 N. Y., 65); *Ernst* v. *H. R. R. R. Co.* (35 N. Y., 9); *Jackson* v. *Betts* (6 Cow., 377); *Hyde* v. *Stone* (9 Cow., 230); *Clark* v. *Dutcher* (9 Cow., 674).

*Samuel Hand,* for the respondent, insisted that the evidence was not sufficient to raise the presumption that the persons in charge of the wagon were the defendant's servants, and that, whatever presumption might otherwise be raised by the mere ownership of the wagon, was rebutted by the fact that they were selling *Mrs. Hopkin's* pies and from *her* bakery, with which business the defendant was not shown to have any connection except, perhaps, it might be inferred, his horses and wagons were hired by the pie manufacturers and peddlers, who had charge of them at the time of the accident; he cited, *Quarman* v. *Bennett* (6 M. and W., 499, 509); *Schuler* v. *Hudson R. R.* (38 Barb., 653); *Wygant* v. *N. Y. & Harlem R. R.* (3 Duer., 360); *Blake* v. *Ferris* (1 Seld., 48); *Milligan* v. *Wedge* (12 Ad. and E., 737). That the mere fact that the horses ran away, was no proof of negligence; he cited, *Holbrook* v. *U. & S. R. R. Co.* (12 N. Y., 242); *Hammack* v. *White* (11 C. B. N. S., 588); *Goodman* v. *Taylor* (5 C. & P., 410); *Cox* v. *Burbridge* (13 C. B. N. S., 430); *Bigelow* v. *Reed* (51 Maine, 325, 330); *Watson* v. *Bauer* (4 Abb. R. N. S., 273).

The plaintiff not having requested any question to be submitted to the jury, his exception to the nonsuit does not raise the question of the sufficiency of evidence for review. (*Bidwell* v. *Lament,* 17 How., 357; *Seymour* v. *Corning,* 1 Keyes,

532; *Marine Bank* v *Clements*, 30 N. Y., 43; *Barnes* v. *Perine*, 2 Kern., 22, 23.)

HUNT, Ch. J.  The deceased was a licensed peddler of vegetables in the city of New York.  While engaged in that occupation, on the 26th of August, 1867, and standing in the rear of his wagon, close to the sidewalk of Monroe street, he was run over and killed by a wagon and horses.  The horses had been left unhitched while the driver had gone into a store to make sale of his wares, and, becoming frightened, ran through the streets, and caused the death of Mr. Norris, as above stated.

Two objections are made to the right of recovery.  It is insisted, first, that it was not shown that the defendant was the owner of the horses and wagon causing the injury; and, second, that it does not appear that the person driving them was in the service of the defendant.

As to the first objection, it was proved distinctly by the evidence of one witness, that the defendant was such owner, and there was no evidence to rebut it, certainly none of that character that authorized the judge to disregard his testimony.  John Ruckurg testified as follows:  "Do you know who was the owner of the wagon or team which was running away?"  A. Yes, Mr. Kohler.  Q. Do you know that of your own knowledge?  A. Yes, sir, I do.  Q. Do you know the defenant in this action, John F. Kohler?  A. I know him by sight.  The testimony of Lankenau, cited on the next point, has also some bearing on the question.  There was evidence on which the jury would have been justified in finding that the wagon and horses causing the injury were the property of the defendant, and the question should have been left to their decision.

On the second point, whether the driver of the wagon was the servant of the defendant, the evidence consisted, first, of the fact of ownership.  The property being proved to belong to the defendant, it is urged that a presumption arises that it was in use for his benefit, and on his own

account. This argument, I think, is a sound one. The ownership of personal property draws to it the possession. The owner is entitled to have and to keep possession, and no other person can justly obtain possession until some act of authority from the owner is proved. Ownership implies possession, and possession is in subordination to title. No proof was given in the present case, separating the ownership from the possession and the presumption of law is, that the wagon and horses of the defendant were in use in his service, and on his account.

There was, also, some slight evidence that the defendant was a dealer in pies, and that wagons, in all respects like the one causing this injury, were used by him. This would justify the inference that the wagon was used in his business on the morning of the 26th of August. Thus the witness, Lankenau, testifies as follows:

Q. Do you know the defendant in this action, John F. Kohler ? A. I have seen him once, that is all, in my life, except to-day.

Q. Are you in the habit of dealing with wagons belonging to him ? A. Yes, sir; they used to furnish me with pies every day.

Q. What kind of wagons ; what do they deal in ? A. High top wagons ; pies; Mr. Hopkins' name is on the side.

He further testified, that on this morning, the driver came into his store from such a wagon, and was offering him pies for sale, when the horses started to run. When the witness testified that he was in the habit of dealing with wagons belonging to the defendant, he must be understood as meaning, with the drivers of such wagons, and that the drivers of the defendant daily furnished him with pies from such wagons. Although very slight, and very inartificially put forth, this is evidence that such drivers were in the service of the defendant, and selling his wares from his wagons. It may fairly be inferred, that they were in the same service on the occasion in question.

It was suggested, although not insisted upon, that there was

no evidence of negligence. Leaving the horses unfastened, in a public street, is undoubted negligence, and so it has been often held. (*Slidge* v. *Goodwin*, 5 C. & P. 190 ; *Lynch* v. *Nurdin*, 4 P. & D., 672 ; *Quarman* v. *Bennett*, 6 M. & W., 499.)

A new trial should be ordered.

All the judges concurring, except GROVER and LOTT, JJ.

New trial ordered.