By the Court.—Monell, J.
The rule, that the *290 common master of several servants, employed in the same service, is not responsible for any injury to one of such servants, caused by the negligence of another of such servants, while engaged in a common employment, can have no application under the proof in this case.
The evidence was not very clear, but enough, I think, to show that the persons engaged on board the steamship in hoisting the tobacco and discharging it upon the lighter, were employed in a different and separate service from that in which the plaintiff was engaged, and by a different and separate master. That such persons were the servants of the defendants, was not established by any direct proof, other than the admission of the defendants, that they were the owners of the steamship, and had charge and control of, and managed her, at the time of the injury.
The lighter belonged to other owners, and was engaged to lighten the cargo of the steamship. She was in charge of Captain Mauson, who employed the plaintiff, as one of his workmen, to assist in receiving the steamship’s cargo. The lighter was placed alongside the steamship; the cargo was taken out of the steamship by persons other than the lighter’s crew, and was received by such crew on board of the lighter. The persons on board the steamship were not employed by the captain or owners of the lighter, nor were they, in any sense, subject to their direction, nor under their control; nor was the plaintiff in any sense under the direction or control of the defendants.
No evidence was given on the part of the defendants, and the plaintiff and Captain Mauson each testified, that the plaintiff was employed by the owners of the lighter, through the captain.
The service performed on the steamship and lighter, respectively, was distinct and separate. The crew of the former hoisted the tobacco from the hold upon deck, *291 and then placed it upon the platform over the lighter, and then let it drop upon the deck of the lighter. The crew of the lighter received the bales as they came down from the steamship, and stowed them upon the deck of the lighter.
The rule contended for by the defendants’ counsel, cannot, therefore, have any application here. The plaintiff was not the defendants’ servant, and if the person or persons by whose negligence he was injured, were the servants of the defendants, they are liable.
The cases to which we were referred, were all cases of a common employer, and the principle they establish is familiar; but I think I have shown that it cannot be applied to this case.
A question of perhaps more difficulty is presented by the motion to nonsuit on the ground that the evidence did not connect the defendants with the injury.
The only evidence, coupled with the admission already referred to, was that persons on board the steamship were engaged in dropping the bales of tobacco from her deck upon the deck of the lighter. There was no proof, either way, who the persons were, nor what relation they sustained to the steamship or to the defendants. And, therefore, except for the aid which a presumption of law furnishes, the case would be destitute of evidence even tending to fasten a liability upon the defendants.
But the facts of this case, as tending to raise a presumption of law against the defendants, cannot, I think, be distinguished from Norris v. Kohler, 41 N. Y. 42.
In that case there was only some slight evidence that the runaway team was “owned,” by the defendant, and there was no proof that the persons in charge of the team were in the employment of the de-' fendant, or sustained any relation whatever to him.
Upon the mere proof of “ ownership of the team,” *292 the court held that a presumption arose, “that it was in use for his benefit, and on his account.” Thus applying the principle, that, the ownership of property draws to it the possession, or rather the right to the possession, to a case charging the owner with the tortious act of a person, other than the owner, while in the possession of and using such property.
The defendants admitted themselves to be the owners of the steamship, and upon the authority of Norris v. Kohler, that was enough to charge them for the negligent acts of all persons on board.
Upon the question of the defendants’ negligence, there was enough to sustain the verdict.
The evidence was, that on any other occasion the persons on the steamship, before dropping a bale upon the lighter, cried out “stand from under,” or “look out.” Such warning was omitted when the plaintiff received his injury. The plaintiff could not see the impending peril, and had á right to wait for the accustomed signal, before escaping to a place of safety.
There was, therefore, no negligence on his part.
■ I think the judgment and order should be affirmed, with costs.