## GULLIVER v. BLAUVELT.

(Supreme Court, Appellate Division, Second Department. February 19, 1897.)

1. ANIMALS IN HIGHWAY—NEGLIGENCE OF OWNER.
    Whether it is negligence to tether a cow on the side of a highway, with a chain fastened to a stake, is for the jury, in an action to recover for injuries to a horse which stumbled on the chain.

2. SAME—EVIDENCE—PRESUMPTION.
    Where a horse is injured by stumbling on a chain by which a cow was tethered to a stake on the side of a highway, it will be presumed that the cow was so placed in the highway by the owner.

Appeal from trial term, New York county.

Transferred from the First department.

Action by William C. Gulliver against Charles E. Blauvelt to recover damages for injuries to a horse. From a judgment in favor of plaintiff entered upon a verdict of the jury at trial term, and from an order denying his motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

J. H. K. Blauvelt, for appellant.

Charles W. Pierson, for respondent.

CULLEN, J. This action is brought to recover damages for injuries to a saddle horse, the property of the plaintiff. The occurrence took place in the state of New Jersey. The plaintiff's claim was that he was riding along the highway; that the defendant's cow was tethered on the side of the highway by a chain fastened to an iron stake; that the cow was standing on the other side of the traveled road from that where the stake was driven in the ground; that, as he reached a point on the road opposite the cow, the cow drew the chain taut, thus raising it from the ground; that the horse stumbled over the raised chain, and received the injuries for which the plaintiff brings suit. The plaintiff further claims that until the time of the accident he could not see the chain, nor was he aware of its presence in the road. The answer of the defendant is substantially a general denial. Before the trial terminated, defendant's ownership of the cow was practically admitted. The question of the plaintiff's freedom from contributory negligence, and the negligence of the defendant in permitting the cow to be tethered in this manner on the side of the road, was submitted to the jury, which found a verdict in favor of the plaintiff, and from the judgment entered on that verdict this appeal is taken.

The defendant moved to dismiss the complaint upon the ground that there was no proof of any statute in the state of New Jersey which made it illegal to suffer domestic animals to go unattended on the highways. There was no proof of any statute on the subject, and it may be conceded, as contended for by the defendant, that in the absence of any statutory inhibition, the presence of domestic animals on the highway, unattended, was not unlawful. Bowyer v. Burlew, 3 Thomp. & C. 362; Holden v. Shattuck, 34 Vt. 336. But the injury in this case was not occasioned by the animal itself, but from the manner in which it was tethered. Though the defendant had the right to suffer the animal to be on the highway, he had no right to secure it in such a manner that the cow could obstruct the highway. In Holden v. Shattuck, supra, the leading authority in support of the right to place cattle on the highway, it is said:

"There may be times and occasions when it would be a culpable fault so to do, and would subject the owner to such damage as might result therefrom, for instance, to permit animals to occupy the highway by night, with the liability of their lying down for their rest in the traveled path, and, by thus obstructing it, cause accident and damage."

Within this rule, the question of negligence, as to the manner in which the animal was secured on the highway, was for the jury.

It was also contended that the defendant was not responsible for the cow being thus fastened on the side of the road. The defendant denied that he fastened it, and his employé made a similar denial. We think the evidence of these two witnesses was not conclusive as to the fact. Both were interested witnesses, and hence their credibility was a question for the jury. Elwood v. Telegraph Co., 45 N. Y. 549; Honegger v. Wettstein, 94 N. Y. 252; Munoz v. Wilson, 111 N. Y. 295, 18 N. E. 855. It was not shown where the cow was kept, nor how it happened that she was found on the

highway. The fact that she was tethered there to an iron stake would seem to exclude the probability of her presence occurring through accident, or because she had strayed away. The cow being the property of the defendant, it is to be presumed that she was placed on the highway in use for his benefit, and on his account. Norris v. Kohler, 41 N. Y. 42; Seaman v. Koehler, 122 N. Y. 646, 25 N. E. 353. Despite, therefore, the denial by the defendant and his servant, this presumption raised a question of fact, to be determined by the jury.

The charge of the trial court was correct. It instructed the jury that the burden of proof was upon the plaintiff on both propositions,—his own freedom from negligence, and the fault of the defendant. Its charge as to the presumption that the cow was tethered by defendant's direction was in strict accord with the rule in Norris v. Kohler, supra. The defendant's request to charge that, in the absence of proof of the statute of New Jersey relating to highways, it must be presumed that the common law prevails, and by the common law it was not negligence to tether cattle by the side of the public highway, so far as the request was correct, was sufficiently covered by the previous charge. The court had already charged, "If she [the cow] had been altogether loose,—that is, not tied to anything,—there would be no liability." But there is no authority for the claim that it is lawful to so secure an animal in the public highway that it will naturally and probably obstruct the highway.

The judgment and order appealed from should be affirmed, with costs. All concur.