### McCANN v. DAVISON.

(Supreme Court, Appellate Division, Second Department. June 29, 1911.)

1. MUNICIPAL CORPORATIONS (§ 706*)—USE OF HIGHWAYS—INJURIES TO THIRD PERSON—AUTOMOBILE—OWNERSHIP—PRIMA FACIE CASE.

In an action for injuries to plaintiff by being struck by an automobile, evidence that the automobile had displayed on it a particular license number, which was registered in the office of the Secretary of State as belonging to an automobile registered in defendant's name was sufficient to establish a prima facie case that it was operated by defendant or his servant, as it would be presumed that the owner, either in person or through his agent, was in control of the vehicle at the time of the accident.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

2. MUNICIPAL CORPORATIONS (§ 706\*) — STREETS — AUTOMOBILE COLLISION — OPERATION—EVIDENCE.

In an action for injuries to plaintiff by being struck by a automobile in a city street, evidence *held* insufficient to sustain a verdict for plaintiff.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.\*]

Woodward, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Michael McCann against George W. Davison. From a judgment for plaintiff, and from orders denying defendant's motion for a new trial, he appeals. Reversed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

James J. Mahoney (M. J. Wright, on the brief), for appellant.
Thomas J. O'Neill (L. F. Fish, on the brief), for respondent.

CARR, J. The defendant appeals from a judgment against him in favor of the plaintiff in an action tried before a jury at Trial Term of the Supreme Court in Kings county.

The complaint alleged a negligent operation by the defendant of an automobile on a public highway of the city of New York in the borough of Manhattan, whereby the plaintiff was run down while crossing the street and injured severely. The answer put in issue the allegations of the complaint. The plaintiff proved the accident, and produced testimony to show that the automobile in question had displayed upon it a license number of the state of New York, 29,-489. Further proof was given that the automobile displaying this license number was a runabout with seats for two persons. There was likewise proof that the license number in question was registered in the office of the Secretary of State in the name of the defendant. No further proof was given in the plaintiff's case that the automobile which caused the accident was being then operated by the defendant personally or by any one in his employment and then engaged in his business. When the plaintiff rested, a motion to dismiss the complaint was denied, and an exception taken. The defendant gave proofs tending to establish that, while he owned an automobile with a registered license number the same as that shown by the plaintiff's proofs, the vehicle which he owned was a five-passenger touring car, and not a runabout, with seats for but two passengers, and further, that his vehicle was not at the scene or neighborhood of the accident on the day in question. The court, over the exception of the defendant, submitted the question of ownership and operation to the jury, which found against the defendant on this point.

[1] The first question arising upon this appeal is whether the plaintiff by his proofs made out a prima facie case of operation of the vehicle by the defendant. The accident occurred on October 6, 1907. The statute then in force as to the registration of licenses for automobiles contained no provision that the registration should be presumptive evidence of operation by the license. Unquestionably proof

of the registration was competent evidence of ownership. But was it in itself presumptive evidence of operation by the defendant at the time of the accident? In some jurisdictions, mere proof of ownership under these circumstances has been held insufficient to make out a prima facie case of operation of the vehicle by the owner. Lotz v. Hanlon, 217 Pa. 339, 66 Atl. 525, 10 L. R. A. (N. S.) 202, 118 Am. St. Rep. 922; Trombley v. Stevens-Duryea Co., 206 Mass. 516, 92 N. E. 764. In the cases just cited it was held that, to make out a prima facie case of liability against one owning an automobile for a negligent operation thereof, it was not sufficient to prove merely ownership in the defendant, but it was likewise incumbent upon the plaintiff to show that the vehicle was then being operated by the owner, or his servant engaged in his business. There is, of course, no common-law rule on this question which applies differently to automobiles than to other vehicles. It is well settled, however, in this state, that ownership implies possession and control, and that proof of ownership of a vehicle, or other property, makes out a prima facie case against the defendant owner in an action to recover damages for injuries sustained through the negligent use of the vehicle, as it will be presumed that the owner was, either in person or through his agent, in control of the vehicle at the time of the accident. Norris v. Kohler, 41 N. Y. 42, 45; Gulliver v. Blauvelt, 14 App. Div. 523, 525, 43 N. Y. Supp. 935; Isenman v. Miles & Co., 38 App. Div. 471, 56 N. Y. Supp. 420; Tuomey v. O'Reilly, 3 Misc. Rep. 302, 22 N. Y. Supp. 930; Hodgson v. Conklin, 50 App. Div. 604, 64 N. Y. Supp. 76; Baldwin v. Abraham, 57 App. Div. 67, 67 N. Y. Supp. 1079; Curley v. Electric Vehicle Co., 68 App. Div. 18, 74 N. Y. Supp. 35; Wylde v. N. R. R. Co., 53 N. Y. 156; Seaman v. Koehler, 122 N. Y. 646, 25 N. E. 353. In Norris v. Kohler, supra, the reason underlying the rule as applied in this state is stated thus:

"The ownership of personal property draws to it the possession. The owner is entitled to have and to keep possession, and no other person can justly obtain possession until some act of authority from the owner is proved. Ownership implies possession, and possession is in subordination to title. No proof was given in the present case, separating the ownership from the possession, and the presumption of law is that the wagon and horses of the defendant were in use in his service and on his account."

The same rule has been applied in England and elsewhere. Joyce v. Capel, 8 Carr. & Payne, 370; Vonderhorst Brewing Co. v. Amrhine, 98 Md. 406, 56 Atl. 833; Edgeworth v. Wood, 58 N. J. Law, 463, 33 Atl. 940. In many of these authorities the proof of ownership consisted simply of proof that the vehicle was marked with the name of the defendant. No difference can arise in the application of legal principles because in the case at bar the means of identification was the carrying of license plate on which was inscribed the registry number of the defendant. In his answer he admits the ownership of an automobile and presumptively registration thereof as required by statute. The presumption of use and control which thus arises is, of course, not conclusive, but is to be taken only as so much evidence for the plaintiff, leaving the burden of proof on the whole case on the plaintiff.

Jones v. Union Railway Co., 18 App. Div. 267, 46 N. Y. Supp. 321. Therefore it was not error to submit the case at bar to the jury on the question of ownership and use by the defendant at the time of the accident.

[2] Whether the verdict is, on this point, against the weight of evidence, is another and different question. The only witness whose evidence tended to connect the defendant with the vehicle which is claimed to have caused the accident was one Skelly. He testified that he saw the accident and observed the automobile. It was he who took the number of the license plate. He claimed to have ridden frequently in such vehicles and to be familiar with them. The plaintiff deemed him so familiar with such vehicles that he elicited from this witness testimony as to the rate of speed at which the vehicle was traveling. This witness testified that the license plate bore an inscription as follows: "29,849 N. Y." He testified further, and deliberately, that the vehicle involved in the accident "was not a touring car," and that it had but one seat, "to seat two people." To prove connection with the defendant of the license number, the plaintiff produced a copy of the defendant's application to the Secretary of State for the registration of his automobile, from which it appeared that the automobile owned by him was "a touring car." There was, therefore, an apparent infirmity in the testimony of Skelly as to the vehicle, when compared with the other evidence as to registration. This infirmity suggests strongly that Skelly was mistaken, either as to the license number on the vehicle or as to the general character of the automobile, although he testified equally positively as to both. While this infirmity did not in itself destroy the presumption, it weakened it materially. The defendant gave evidence to show that he owned but one automobile, a "touring car," with two seats, for five passengers, and that this was the car which he had registered. He gave further proof that on the day of the accident this car was in the control of his chauffeur on a trip from a point in New Jersey to a place in Brooklyn where the car was to be left for repairs. The chauffeur testified that at no time during that day was the car in the neighborhood of the accident, and that at the hour at which the accident took place both he and the car were in Brooklyn, many miles away from the place where the accident occurred, which place, according to plaintiff's proofs, was at Fifty-Third street and Seventh avenue in the borough of Manhattan. In his testimony as to the location of his machine in Brooklyn at the time when the accident was occurring in Manhattan, the chauffeur was corroborated by the testimony of four witnesses, none of whom have any apparent interest in this controversy, and as to whose testimony there is no apparent inherent improbability. It appears, therefore, that the verdict of the jury was against the weight of the evidence on the whole case.

For this reason, the judgment and order should be reversed, and a new trial granted; costs to abide the event.

JENKS, P. J., and THOMAS and RICH, JJ., concur. WOODWARD, J., dissents.