## ROADWAY EXPRESS, Inc., et al. v. GASTON.

### No. 4740.

Court of Civil Appeals of Texas. Texarkana.

Nov. 21, 1935.

Rehearing Denied Nov. 28, 1935.

875

Touchstone, Wight, Gormley & Price and Robert B. Holland, all of Dallas, and J. K. Brim, of Sulphur Springs, for appellants.

Ramey & Fanning, of Sulphur Springs,. and Clark, Harrell & Clark, of Greenville, for appellee.

JOHNSON, Chief Justice.

Appellee, C. C. Gaston, filed this suit in the district court of Hopkins county against G. O. Jones, Roadway Express, Inc., and Elliott Jones as attorney in fact of and for Lloyds America, defendants, to recover damages for injuries to himself and to his automobile, alleged to have been sustained as the result of the negligence of Roadway Express, Inc., its agent and employee, G. O. Jones, in operating and driving a certain truck and trailer belonging to Roadway Express, Inc., into and colliding with plaintiff's automobile on Highway No. 1 in Hopkins county, Tex., on August 5, 1932.

Plaintiff's petition alleged in part and in substance that the defendant Roadway Express, Inc., is a foreign corporation having its domicile in the city of Akron, Ohio, with a branch office and duly authorized agent in the city of Dallas, Dallas county, Tex., and is engaged in the business of a motor carrier within the meaning of the Acts of the 41st Legislature, chapter 314, as amended by Act·of 42d Legislature, chapter 277 (Vernon's Ann.Civ.St. art. 911b).

That the defendant G. O. Jones resided in the city of Irondale, Ala., and was the employee and agent of Roadway Express, Inc., driving its said truck and trailer

which collided with plaintiff's automobile, and was operating said truck under and as holder of driver's license No. 4857, issued by the Railroad Commission of Texas; that it was a GMC truck, 1½-ton capacity, motor No. 860239, with a 3-ton semitrailer attached, which truck bore license plate No. 5863, issued by the Railroad Commission of the State of Texas.

That the defendant Lloyds America is a Texas company engaged in the insurance business on Lloyd's plan authorized under the provisions of chapter 19, title 78, R.S. (article 5013 et seq.), as amended by Acts of 1929, 42d Legislature, 1st Called Session, chapter 11 (Vernon's Ann.Civ.St. art. 5013 et seq.), of which Elliott Jones of San Antonio is the attorney in fact. That said defendant, Lloyds America, by and through its attorney in fact, Elliott Jones, had issued and filed with the Railroad Commission of the State of Texas its policy of insurance No. MB-1819, effective July 9, 1932, and which was in full force and effect at the time of the collision in question, covering said motortruck of Roadway Express, Inc. That by the terms of said policy of insurance Lloyds America and the underwriters thereof contracted and agreed to pay all judgments which may be recovered against Roadway Express, Inc., and G. O. Jones, based on claims for loss or damages for personal injuries or injury to property arising out of the operation of said motortruck, to the extent of $5,000 for injury or damage to property and to the extent of $2,500 for bodily injury or injuries to any one person in said accident, regardless of the solvency or insolvency of said motor carrier or of the driver of said truck.

The petition further alleged facts constituting negligence in operating the truck causing the collision, and the manner and extent of injuries to plaintiff and his automobile.

Defendant Roadway Express, Inc., filed its plea of privilege to be sued in Dallas county, Tex. The defendant Lloyds America, by and through its attorney in fact, Elliott Jones, filed its plea of privilege to be sued in Bexar county, Tex. The plaintiff filed controverting affidavits contesting each of said pleas of privilege, contending that as to Roadway Express, Inc., venue was properly laid in Hopkins county, under subdivisions 9 and 23 of article 1995, R.S.; and that as to Lloyds America the venue was properly laid in Hopkins county un-

der subdivision 23 of article 1995, R.S., and subdivision 29a as added by Acts 1927, 1st Called Sess., c. 72, § 2 (Vernon's Ann. Civ.St. art. 1995, subd. 29a).

On hearing before the court both pleas of privilege were overruled, to which said defendants duly excepted and have perfected their appeals in the same record.

We will first dispose of the appeal of Roadway Express, Inc. Its contention is that the evidence introduced on the hearing of the plea of privilege failed to establish a prima facie cause against it, in the particular that it failed to show that the driver of the truck was the agent or employee of the Roadway Express, Inc., and it complains of the action of the court in admitting certain declarations of the driver of the truck, G. O. Jones, and in admitting in evidence plaintiff's original petition and his controverting affidavits which referred to and adopted as a part thereof the original petition.

The evidence shows that the collision occurred on Highway No. 1 near the town of Weaver, in Hopkins county, Tex.; that it was caused by the negligence of the driver of the truck in operating it on the left side of the road; that appellee sustained serious bodily injury; and that his automobile was wrecked. And, without objection on the part of appellants, Byron Bell, an employee in the Motor Transportation Division of the Railroad Commission of the State of Texas, testified, by deposition from the records of the Railroad Commission, that Roadway Express, Inc., had made application for and had been granted a permit to engage in the business of motor carrier in the state of Texas; that permit No. 11000 was issued to it on December 11, 1931, and was in effect on the date of the collision, August 5, 1932; that in its application it had described and been granted license to operate a GMC truck, 1½-ton capacity, motor No. 860239, with 3-ton semitrailer, which license so issued by the Railroad Commission to Roadway Express, Inc., as a motor carrier, to be attached to said truck, was license No. 5863; that Roadway Express, Inc., had filed, as required of motor carriers by law, article 911b, § 13, Vernon's Ann.Civ.St., a policy of insurance issued by Lloyds America which described and covered the GMC truck, motor No. 860239, and trailer in question, and which policy of insurance was in force and effect at the time of the collision.

The appellee did not identify the driver or the truck which struck him. He testified that the collision occurred near the town of Weaver in Hopkins county, Tex.; that he was operating his automobile on the right-hand side of the road at the time he was struck; that he was rendered unconscious and did not regain consciousness until after he was carried to the hospital. He further testified to his injuries and to the destruction of his automobile resulting from the collision. E. C. Gaston, father of appellee, testified, in substance, that upon hearing of the collision he went to Hopkins county and to the place of the accident that night; that he saw the truck that was reported to have been one of the vehicles in the collision, in a shop at Weaver the next morning, and that he talked with the men who were driving the truck; that he got acquainted with them, and their names were G. O. Jones and E. D. Bruce; that he got the identification numbers of the truck, which were license No. 5863 and motor No. 860239; and that G. O. Jones told witness at the time "that he was working for Roadway Express, Inc." Plaintiff introduced his original petition and the controverting affidavits. Plaintiff also introduced interrogatory No. 13 propounded to defendant's witness E. D. Bruce: "Q. Who was driving the truck? A. Giles Jones."

The defendants introduced a copy of the contract of insurance issued by Lloyds America to Roadway Express, Inc.

■ The original petition and contesting affidavits of plaintiff were before the court to determine the nature of plaintiff's cause of action and the grounds upon which he sought to confer venue in Hopkins county, but they were not proof of such alleged facts and should not have been admitted in evidence. Highway Motor Freight Lines v. Slaughter (Tex.Civ.App.) 84 S.W.(2d) 533, and authorities there cited. We think, in the circumstances of this case, the declarations complained of made by G. O. Jones were admissible as part of the res gestæ and in corroboration of the facts already established. By other competent evidence a prima facie case had been made showing ownership of the truck in Roadway Express, Inc., a motor carrier authorized to operate it upon the public highways, and that G. O. Jones was the driver in charge of the truck at the time of the collision. The rule is stated from authorities there cited in 17 C.J. p. 531, §

228, as follows: "The fact that a person is the agent or servant of another cannot be shown by the declaration or statements of the agent or servant standing alone. But where there is other evidence sufficient to show the fact of agency or employment prima facie, declarations or statements are admissible in corroboration, especially where they constitute a part of the res gestae of the transaction in question."

In 10 R.C.L. § 166, p. 984, it is said: "Declarations as to the ownership of property, made by a person in possession thereof, are admissible in evidence upon an issue as to such ownership as part of the res gestae. This includes all declarations explaining and characterizing the possession, and showing in what capacity the declarant holds, whether as owner solely or jointly, or as the agent, tenant, or trustee of another, and the like, and when the possession or ownership of the property is under inquiry, such declarations are received as explanatory of the possession. Declarations by a party in possession of personal property as to ownership thereof, accompanying some principal fact which they serve to explain and qualify, are sometimes said to be a part of the res gestae, and with the proper limitations and restrictions may, in certain cases, be permitted to go in evidence."

■ However, should we be in error in our opinion that in the circumstances in which they were uttered, the declaration of Jones come within the rules above declared and were admissible, the error in admitting in evidence the declaration of Jones, and the error in admitting in evidence plaintiff's petition and controverting affidavits, on hearing before the court, will not authorize a reversal, since there was sufficient competent and uncontroverted evidence before the court to sustain the judgment overruling the plea of privilege. Roadway Express, Inc., had applied for and received a permit from the Railroad Commission of the State of Texas as a motor carrier, and as such had applied for and received from the Railroad Commission a license to operate upon the public highways of Texas the particular truck and trailer in question, giving a detailed description of it, including the motor number and date purchased, and had this identical truck insured and filed the policy of insurance with the Railroad Commission as required by law, and it was being operated under the particular license number issued

by the Railroad Commission and attached to the truck for identification, and that its negligent operation caused the collision with plaintiff's automobile in Hopkins county, resulting in the injuries alleged, are facts undisputed in evidence. In the case of Globe Laundry v. McLean (Tex. Civ.App.) 19 S.W.(2d) 94, in an appeal from the judgment entered on trial on the merits, where the only evidence as to the ownership of the truck and of the agency or employment of its driver was as follows: "That was a Ford truck. It was a truck, enclosed truck, with the Globe Laundry insignia on it. I didn't know the name of the man driving that truck. I might—I couldn't say that I knew the man's name; I knew his face, but I don't—I don't know if I would recognize him here in the court room or not. I see so many folks driving trucks that I couldn't say," the court held: "But the testimony quoted, uncontradicted and unexplained by appellant—and appellant offered no testimony—was sufficient to raise the inference that appellant owned the truck and that it was being operated by one of its servants in the ordinary discharge of the duties of his employment. Howell v. J. Mandelbaum & Sons, 160 Iowa, 119, 140 N.W. 397, Ann.Cas. 1915D, 349, and Edgeworth. v. Wood, 58 N. J.Law, 463, 33 A. 940, are directly in point."

In the case of Ferris v. Sterling, 214 N.Y. 249, 108 N.E. 406, 407, Ann.Cas. 1916D, 1161, it is held: "The license number of the car, coupled with evidence that the defendant held the license, was prima facie proof that the defendant was the owner. It was more than that; it was prima facie proof that the custodian of the car was then engaged in the owner's service. Norris v. Kohler, 41 N.Y. 42, 44; Mc-Cann v. Davison, 145 App.Div. 522, 130 N. Y.S. 473; Gulliver v. Blauvelt, 14 App.Div. 523, 525, 43 N.Y.S. 935; Vonderhorst Brewing Co. v. Amrhine, 98 Md. 406, 56 A. 833; Knust v. Bullock, 59 Wash. 141, 109 P. 329. 'The property being proved to belong to the defendant, * * * a presumption arises that it was in use for his benefit, and on his own account.' Norris v. Kohler, supra. This presumption was not destroyed, as a matter of law, by the testimony for the defendant. Even though his explanation of the use of the car would absolve him if credited, the question whether it should be credited was one of fact for the jury. Gulliver v. Blauvelt, su-

pra; Cunningham v. Castle, supra [127 App.Div. 580, 111 N.Y.S. 1057]."

No reversible error is shown in the action of the trial court in overruling the plea of privilege of Roadway Express, Inc.

We will now dispose of the propositions presented by Lloyds America, directed to the action of the court in overruling its plea of privilege. The first four propositions presented by Lloyds America contend that the court erred in overruling its plea of privilege in that plaintiff failed to prove by extrinsic evidence (1) actual execution of the policy of insurance by it; (2) or that Elliott Jones, the person who signed the policy of insurance as attorney in fact of and for Lloyds America, was the agent of Lloyds America; (3) or that he had authority to bind Lloyds America in executing the policy. Stated in effect, appellant's contention is: (1) That as a matter of law the burden of proof was on plaintiff to prove by extrinsic evidence the actual execution of the insurance policy by the agent or attorney in fact of Lloyds America; and (2) the authority of such agent to so bind Lloyds America; and, in issue of fact, it is contended, plaintiff failed to discharge such burden by sufficient competent evidence. Had plaintiff's petition and controverting affidavit sought to confer venue under subdivision 5 of article 1995, R.S.—upon allegations that defendant had contracted in writing to perform its obligations in Hopkins county—then defendant's plea of privilege would be denial under oath of such facts, and it would have the effect of a plea of non est factum, which would, as a matter of law, place the burden on plaintiff to prove by extrinsic evidence the fact of execution by defendant of such insurance contract, or that it was executed by its authorized agent. Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.(2d) 845, 847; Berry v. Pierce Petroleum Corpn., 120 Tex. 452, 39 S.W.(2d) 824. In such cases the issue raised is whether the defendant has contracted in writing to perform the obligation sued upon in the particular county in which the suit is filed, but an issue is not raised as to whether he has contracted to perform the obligation without reference to the place of performance. Though they may be inseparable in proof, it is the execution of the written promise to perform the obligation in a particular county, as distinguished from the obligation to be performed, that constitutes the principal mat-

ter of inquiry when venue is sought to be conferred under subdivision 5. In Johnson v. Dallas Cooperage & Woodenware Co., supra, Judge Short makes use of the following language: "The only controverted fact presented by the controverting affidavit is whether S. N. Johnson had contracted in writing to perform the alleged obligation in Dallas county. Whether he had contracted to perform the alleged obligation was not necessarily in issue."

▉▉ To say that when plaintiff seeks to confer venue under subdivision 5 of Article 1995, by alleging that defendant promised in writing to perform the alleged obligation in the county in which the suit is filed, he has the burden to prove execution of such written promise by the defendant or by defendant's duly authorized agent, is but applying the general rule which requires plaintiff in all venue cases to prove the particular facts alleged in his controverting affidavit upon which he relies to confer venue, under one, or more, of the particular exceptions to the general rule of the venue. Therefore, in order to determine what facts plaintiff has the burden of proving, it is necessary to examine his controverting affidavit, and petition if it is made a part thereof, and ascertain the specific facts alleged and relied upon to confer venue under one, or more, of said exceptions. It is only the facts upon which plaintiff relies "to confer venue of the cause on the court where the case is pending," that are required to be pleaded in his controverting affidavit. Article 2007. Hence he has the burden of proving only the alleged facts necessary to confer venue.

In the present case plaintiff is not seeking to confer venue under subdivision 5, but his controverting affidavit alleges facts which confer venue of the cause on the district court of Hopkins county under subdivisions 23 and 28 of R.S. art. 1995. The evidence was sufficient in support of plaintiff's controverting affidavit under said exceptions to sustain the action of the trial court in overruling defendant's plea of privilege.

▉▉ As plaintiff was under the burden only of proving "the venue facts," that is, the alleged facts constituting one or more of the exceptions to the general rule of venue, to confer venue in Hopkins county, all other matters were to be determined under other pleas or upon trial to the merits of the case. Therefore plaintiff was not under the burden of proving actual execution of the insurance policy by extrinsic evidence, because no issue as to its execution was raised by the plea of privilege and controverting affidavit in this case. However, had proof of the execution of the insurance policy been upon plaintiff, the burden was met by the introduction in evidence by defendant of what it claimed and admitted was a true copy of the insurance contract which it had executed and issued to Roadway Express, Inc., and about the terms of which there was no controversy or dispute.

▉▉ We will further discuss Lloyds America's contention that plaintiff failed in evidence to establish venue facts under subdivision 23, R.S. art. 1995, in that it is contended there is no evidence showing that Lloyds America is an "association" within the meaning of said subdivision 23. In the case of Vilbig Motor Freight Lines v. Jenness, 34 S.W.(2d) 684, the Court of Civil Appeals looked to the appeal bond of the defendant to determine that it was a corporation where venue had been conferred against it under subdivision 23. We think the trial court would be authorized to look to the sworn plea of privilege of Lloyds America for whatever facts it may reveal. The copy of the insurance policy which defendant introduced in evidence as that which it had issued to Roadway Express, Inc., shows to have been executed by Lloyds America by Elliott Jones, attorney in fact. The sworn plea of privilege of Lloyds America purports to be executed by Elliott Jones, by his attorney, and states that Elliott Jones is the attorney in fact for Lloyds America. Attached to the copy of the policy of insurance issued and introduced by Lloyds America is an indorsement or stipulation conforming its terms to the requirements of the law governing insurance of motor carriers, section 13, art. 911b, and which stipulation reads, in part: "Endorsement to be attached to public liability and property damage policy No. MB–1819 issued by Lloyds America Company to Roadway Express, Inc., assured." The stipulation is signed by "Lloyds America, Insurance Company, by Motor Carrier Insurance Agency, Agent." The word "Lloyds" as a part of the appellant's name or title under which it is doing business as an insurance company is, by article 5015, R.S., as amended (Vernon's Ann.Civ.St. art. 5015), a statutory designation of its character as an insurance as-

sociation. In Merchants' & Manufacturers' Lloyds' Insurance Exchange v. Southern Trading Company of Texas (Tex.Civ. App.) 205 S.W. 352, 354, Judge Conner said: "We think that as alleged and shown in the record before us the underwriters answering the appellee's suit constitute an unincorporated 'association' (see Hoadley v. Purifoy, 107 Ala. 276, 18 So. 220, 30 L.R. A. 351), as that term is used in the statutes." In the same case on writ of error, 229 S.W. 312, 316, Judge McClendon, speaking for the Commission of Appeals, said: "We think that whatever may be the nature of the liability of the underwriters, the undertaking was the creation of such an association as under our statutes is authorized to be sued in the name of the association." We think the circumstances before the court sufficiently raise the inference authorizing the conclusion that Lloyds America is an "association" within the meaning of that term as used in the statute. The facts as above recited distinguish this case from cases relied upon by appellant, namely: Texas Employers' Ins. Ass'n v. Collier (Tex.Civ. App.) 77 S.W.(2d) 878; Vilbig Motor Freight Lines v. Jenness (Tex.Civ.App.) 34 S.W.(2d) 684.

It is the further contention of appellant that the court erred in overruling its plea of privilege because, it is contended, appellee failed to show that appellant agreed to pay or assumed any liability whatsoever to plaintiff by virtue of its said contract of insurance issued to Roadway Express, Inc. For the purposes of this discussion it may be said that the insurance contract or policy in question is such in its terms as is required by section 13 of article 911b of motor carriers operating under permits in this state. It is contended that the case of Grasso v. Cannon Ball Motor Freight Line (Tex.Com.App.) 81 S.W.(2d) 482, is conclusive on the question which appellant raises under this proposition. In the Grasso Case it is held that the insurance contract inures to the benefit of the public as well as to the motor carrier, but that the insurance company's actual liability does not arise until there is a judgment obtained against the motor carrier, and that a plea in abatement when filed in due order by the insurance company should be sustained. It does not necessarily follow from such holding that a plea of privilege should also be sustained. The facts which give rise to a plea in abatement do not necessarily give rise to a plea of privilege. On the hearing of the plea of privilege and the controverting affidavit the court is concerned with the issues of venue and not of matters properly to be determined by other and subsequent pleas. In the case of Highway Motor Freight Lines v. Slaughter (Tex.Civ. App.) 84 S.W.(2d) 533, on motion for rehearing, page 538, it is said: "We do not think it follows by any means that, because the petition reveals a misjoinder and a potential rather than actual cause of action against the Commercial Standard Insurance Company, that its plea of privilege should have been sustained for either reason." See Farmers' Seed & Gin Co. v. Brooks (Tex.Com.App.) 81 S.W.(2d) 675.

Plaintiff further suggests from record the following matter: In the judgment of the court appealed from it is recited that by agreement of all parties and the court the pleas in abatement filed by each of the defendants and the pleas of privilege were heard and determined simultaneously. The order of the court overruled all the pleas of privilege and all the pleas in abatement, except the plea in abatement of the defendant Lloyds America. The plea in abatement of Lloyds America was sustained and said defendant was dismissed from the suit. Since the plea of privilege and the plea in abatement were heard and determined together and the plea in abatement sustained and Lloyds America dismissed from the suit, it seems to us that had the court erred in overruling the plea of privilege such error would have become immaterial upon the further order of the court sustaining the plea in abatement and dismissing such defendant from the case. The order left nothing to be transferred to the court of the defendant's domicile other than a suit from which such defendant had been dismissed upon its own plea.

The judgment of the trial court is affirmed.