## The National Machinery Co. v. Towne.

*Negligence — Master and servant — Ordinary care — Assumption of risk — Contributory negligence and proximate cause — "Accident" defined — Charge to. jury after argument — Special requests to be given, when — Employe of independent contractor — Injured by traveling crane — While repairing building.*

1. A landowner owes to an employe of an independent cont tor, who is rightfully on his premises, the duty to use ordinary care not to injure him.
2. Where plaintiff, an employe of an independent contractor, with defendant's knowledge used the track of a traveling crane in making repairs on defendant's factory building, plaintiff did not assume the risk of defendant's negligence in operating the crane, without notice to him, on that portion of the track where plaintiff was standing.
3. The promise of the operator of the traveling crane to warn plaintiff, while it created no new obligation on the part of defendant, was a proper element to be considered in determining whether the conduct of plaintiff was that of a reasonable man.
4. The negligence of plaintiff to bar relief must proximately cause the injury.
5. The word "accident," as used in actions for damages for personal injuries, sometimes means an occurrence to which human fault does not contribute; and the court did not err in refusing to give a special charge so characterizing the occurrence presented by the facts in the case at bar.
6. Where instructions are requested by a party after argument, the court is not required to use the precise terms or language submitted; it is sufficient if the substance thereof be given in other instructions or in the general charge.

(Decided June 30, 1919.)

Error: Court of Appeals for Lucas county.

*Messrs. Royer & Spitler; Messrs. McCauley & Weller* and *Messrs. Marshall & Fraser,* for plaintiff in error.

*Messrs. Kohn, Northup & McMahon,* for defendant in error.

SHOHL, P. J. Defendant in error, Charles D.
Towne, was employed by one Arthur C. Souders,
who was an independent contractor making some
repairs on the factory building of The National
Machinery Company of Tiffin, plaintiff in error.
He was putting flashing in some windows, and was
standing inside the building on the track of a travel-
ing crane when he was struck by the moving crane
and injured.

The petition alleged that the traveling crane was
30 to 35 feet above the ground, tracks being ap-
proximately 35 feet apart and constructed about the
room near certain ventilating windows; that the
crane could be easily moved or stopped by the de-
fendant; that the plaintiff was employed by a third
person as roofer and roof repairer; that it was
necessary for him to stand upon the track and make
repairs of all the windows; that immediately before
he took his position on the track he was informed
by the defendant that defendant would keep a look-
out for him, if the crane was to be moved, and
would give him ample signal by bell so that he could
remove himself to a place of safety; that at the
time he was injured he was standing with his back
to the crane, as it was necessary for him to do to
make the said repairs; and that the operator of the
crane, without any warning or signal to him, negli-
gently started and propelled the crane and ran it
upon and against the plaintiff. After reciting the
injuries received, the petition averred:

"Plaintiff says that the defendant negligently
caused said crane to strike and crush plaintiff's legs
as aforesaid, in that it propelled said crane upon
him without giving any warning or signal what-

ever of its intention so to do, and plaintiff did not see and did not hear said crane as it was propelled upon him, and had no opportunity whatever to remove himself to a place of safety. That said defendant in the exercise of ordinary care would have seen plaintiff and would have given him timely warning before injuring him as aforesaid."

The defendant filed an answer denying the substantial averments of negligence, and, by way of second defense, alleged that if the plaintiff was injured at the time and place alleged in the petition, such injuries were caused solely and proximately by his own carelessness, in that he voluntarily and needlessly, without the advice, direction or knowledge of the defendant, suddenly placed himself in front of the crane, which, as the plaintiff well knew, was a place of great danger, and he also knew the crane was constantly moving from one end of the building to the other along a rail; that the operator of the crane would not know and did not know that the plaintiff was at that time near or in front of the crane in a place of danger; and that notwithstanding the said knowledge plaintiff placed himself immediately in front of said crane and carelessly turned his back on it and exercised no care to learn its movements, and in placing himself in this danger, he, without any warning to defendant, climbed into one of the ventilating windows in the roof of the building so that the operator of the crane, in the exercise of ordinary care and in the exercise of his duties, would not, could not and did not know of his presence there.

The reply denied the allegations of new matter contained in the answer.

The case was tried twice. At the first hearing a verdict was rendered for the plaintiff for eight thousand dollars, and that was set aside by the trial court for misconduct of a juror. The second trial took place in January, 1919. There was a conflict in the evidence, which it will not be profitable to set out at length. The jury rendered a verdict for plaintiff for fifteen thousand dollars.

Plaintiff in error contends that defendant in error was guilty of contributory negligence, or assumed the risk of injury by exposing himself to an obvious and appreciated danger. It is not vital to determine whether the doctrine of assumed risk, as distinguished from contributory negligence, obtains in Ohio in cases that do not arise out of the relation of master and servant. (See 5 Corpus Juris, 1413.) The risk which Towne would have assumed, if the doctrine of assumption of risk was applicable, is the risk of working in a dangerous place. He did not assume the risk of defendant's negligence in operating the crane on the part of the track where he was standing, without notice to him. (*Standard Steel Car Co.* v. *McGuire,* 161 Fed. Rep., 527.) But, whether the defense be regarded as assumed risk or contributory negligence, the situation must be considered in connection with the alleged conversation between the plaintiff and Negele, the operator of the crane. Plaintiff testified to the allegations of the petition in respect to the promise by Negele to warn him; that Negele said he would give him warning and look out for him.

Negele was without authority to extend an invitation to an outsider who would otherwise be a

trespasser or licensee on the premises. *Curtis* v. *Tenino Stone Quarries,* 37 Wash., 355, 362; *Macartney* v. *Colwell,* 29 R. I., 21, and *Formall* v. *Standard Oil Co.,* 127 Mich., 496. (See 6 Labatt on Master and Servant, Section 2500.)

It must be borne in mind, however, that Towne was not a trespasser, and was rightfully on the premises, independent of any invitation from Negele. 1 Thompson on Negligence (2 ed.), Sections 680 and 979, and *Pennsylvania Co.* v. *Gallagher,* 40 Ohio St., 637, 644.

If Negele did in fact tell plaintiff that he would look out for him and warn him before moving the crane, even though that created no duty on the part of the company, it would have bearing and would be entitled to weight in determining whether Towne's conduct under all the circumstances was that of a reasonable man. If the jury believed and found that Negele had spoken as Towne testified, the conduct of Towne in working with his back to the crane and without looking around at frequent intervals did not constitute negligence as a matter of law. It presented a question for the jury. We can not say, therefore, that the judgment is contrary to law; nor in view of the entire record is it so manifestly against the weight of the evidence as to warrant a reversal on that ground.

Complaint is made because the court gave certain special charges before argument, among which are the following:

No. 7. "The fact, if you should so find it to be, that the work Towne was doing could be done as well from the outside of the window as from the inside is entirely immaterial if his presence was

known to Negele at the time of starting the crane just prior to the time that Towne was injured, or if Negele in the exercise of ordinary care would have known of Towne's presence on the track."

No. 14. "If you find from a preponderance of the evidence that the cranesman, Negele, knew that said plaintiff and other persons were engaged the morning of the accident and prior thereto, in working upon said track, then I charge you that it was the duty of said cranesman to exercise ordinary care toward them and if you find from a preponderance of the evidence that he did not exercise ordinary care toward them, and thereby the plaintiff was injured, you will be warranted in finding that defendant was negligent."

No. 18. "The defendant owed the duty of using ordinary care towards Towne independently of promises on the part of Negele. So whether Negele promised Towne to watch out for him and give him warning by gong, or did not so promise, nevertheless if he failed to use ordinary care towards Towne in the operation of the crane and thereby solely and directly caused the injury to Towne, Mr. Towne is entitled to a verdict at your hands."

No. 19. "The defendant owed a duty to Towne not to negligently bring force to bear upon him. It owed this duty independently of any promise on the part of Negele or any other person and if the defendant negligently brought force to bear upon the plaintiff, it is liable for whatever damages were directly and proximately caused thereby.

"In this connection I say to you that the negligence of Negele, if any there was, was the negligence of the defendant company."

Charge No. 7, fairly construed, does not assume the presence of plaintiff on the track to have been established as prohibited by the rule set forth in *Cline* v. *The State,* 43 Ohio St., 332, and *Weybright* v. *Fleming,* 40 Ohio St., 52. It states the law applicable if the jury found that plaintiff was in fact on the track, nor is it otherwise incorrect in the case at bar. The defendant had actual knowledge of Towne's presence on the premises. He was rightfully there. Defendant owed to him as the employe of an independent contractor the duty to use ordinary care. 1 Thompson on Negligence (2 ed. & supplement), Section 979; *Pennsylvania Co.* v. *Gallagher, supra; Kelly & Sons* v. *Howell,* 41 Ohio St., 438; *Graham* v. *Brandt Shoe Co.,* 165 Mo. App., 361, and *Winona Technical Inst.* v. *Stolte,* 173 Ind., 39, 48.

The case is distinguishable from that of a trespasser or person who is wrongfully on the premises of another, as in *Erie Railroad Co.* v. *McCormick, Admx.,* 69 Ohio St., 45. See *Railroad Co.* v. *Harvey,* 77 Ohio St., 235, 240. Having knowledge of his presence, defendant's duty to use ordinary care might be found by the jury to include an obligation to keep a lookout for him under the conditions shown in the case at bar. *Standard Steel Car Co.* v. *McGuire, supra.*

Charge No. 14 is not seriously objectionable as tending to confuse the jury by reference to the duty of the cranesman to other persons. The jury could not have been misled. Nor was the court wrong in charging the jury on the law applicable if Negele knew beforehand that plaintiff was working on the track. Though it was not alleged in the petition,

the court might properly charge respecting the situation developed by the evidence. *Rayland Coal Co.* v. *McFadden, Admr.*, 90 Ohio St., 183.

Charges No. 18 and No. 19 were correct statements of law for the reasons already stated in the consideration of the evidence as to the promise of Negele in its bearing on the points hereinbefore discussed.

The court refused certain special charges requested by defendant before argument.

No. 8. "If the plaintiff in any degree directly contributed by any act of his to bring about this accident then your verdict must be for the defendant."

The negligence of plaintiff to bar relief must proximately cause the injury. (*Schweinfurth, Admr.*, v. *The C., C., C. & St. L. Ry. Co.*, 60 Ohio St., 215.) This was not made entirely clear by the charge in the form requested. Furthermore, the occurrence is characterized as an "accident." The word "accident," as used in actions for damages for personal injuries, sometimes means an occurrence to which human fault does not contribute (1 Corpus Juris, 390-392), and the use of the word might tend to mislead the jury.

Charge No. 9 as requested is:

No. 9. "If the work of nailing on the tin flashing could have been as conveniently and safely done from the outside of the building, then your verdict must be for the defendant."

If counsel were aiming to state the rule as laid down in *Schaefler* v. *City of Sandusky*, 33 Ohio St., 246, to the effect that whoever voluntarily and unnecessarily encounters a known and easily avoid-

able peril, can not be regarded as exercising ordinary prudence, then the foregoing charge is not within it. If the charge requested were correct, it follows that if it were equally convenient and safe to do the work from the inside as from the outside a plaintiff could never recover no matter where he worked, if his choice of sides resulted in injury.

After argument the defendant requested the court to charge:

"You are instructed that if the plaintiff by a failure to exercise ordinary care for his own safety directly and proximately contributed to produce this injury then your verdict must be for the defendant. You are further charged that if this accident was caused by the joint negligence of the defendant and plaintiff, that negligence of both parties combined to produce the result, then your verdict must be for the defendant."

Even if the instruction requested is proper, unless counsel comply with Section 11447, General Code, and present it in writing before argument, the court is not required to give it in the precise terms or language as submitted. It is sufficient if the substance thereof be given in other instructions, or in the general charge. (*Rheinheimer* v. *Aetna Life Ins. Co.,* 77 Ohio St., 360.) The language of the instruction requested was not altogether fortunate. There was no "joint" negligence alleged or proved. If counsel had in mind concurrent negligence, the court charged properly upon that point.

Complaint is made that in explaining the law as to the negligence of both parties the court charged on the effect of the negligence by plaintiff, using the phrase "the proximate cause." With reference

to the negligence of plaintiff the phrase "a proximate cause" would probably have been clearer. The court stated that if the jury found from the evidence that the defendant was guilty of negligence, and, if they further found the plaintiff was guilty of negligence and that this latter negligence contributed to and was the proximate cause of the injuries, the verdict must be for the defendant. The court further charged that if the negligence of the plaintiff was the *sole* cause of his injuries, he could not recover. Taking the charge as a whole it is apparent that the phrase *"the* proximate cause" was not used to mean "the sole proximate cause."

The court said in another part of the charge that the negligence of the plaintiff would bar recovery if it was the proximate and immediate cause of the injury. Plaintiff in error complains of the use of the word "immediate." The negligence that defendant charges against plaintiff consisted in suddenly placing himself in front of the approaching crane. The issue on that point was simple. Under all the circumstances, the use of the phrase "proximate and immediate cause" in its context meant no more than "proximate cause." See *Longabaugh* v. *Virginia City & Truckee Rd. Co.,* 9 Nev., 271, 294; *Kline* v. *Central Pacific Rd. Co.,* 37 Cal., 400, 406, and *Fitch* v. *The Pacific Rd. Co.,* 45 Mo., 322, 327.

The verdict and judgment were for fifteen thousand dollars, which, it is contended, is excessive. We will not attempt to set out the evidence in respect to the extent of the injuries, the pain and suffering, and the earning capacity of the plaintiff before and after the injury. Upon consideration of all the evi-

dence, facts and circumstances, the court finds that a verdict and judgment in excess of ten thousand dollars should not be allowed to stand in the case. Accordingly, if counsel for plaintiff in error will consent to a remittitur in the sum of five thousand dollars, the judgment, as modified, will be affirmed; otherwise it will be reversed and a new trial ordered.

*Judgment accordingly.*

HAMILTON and CUSHING, JJ., concur.

Judges of the First Appellate District, sitting in place of Judges KINKADE, RICHARDS and CHITTENDEN of the Sixth Appellate District.