HANNAH TRASHANSKY, as Administratrix of the Estate of ABRAHAM TRASHANSKY, Deceased, Appellant, *v.* SAM HERSHKOVITZ et al., Defendants, and CONSOLIDATED TELEGRAPH AND ELECTRICAL SUBWAY COMPANY, Respondent.

**Motor vehicles — negligence — injury to pedestrian struck by automobile deflected from its course by some hole or obstacle in the street — when such accident presumed to have been caused by neglect of subway company in leaving hole in street unguarded.**

The automobile of the individual defendant struck and killed plaintiff's intestate. It appeared that the surface of the street was not in its usual condition. The defendant corporation was making excavations near the scene of the accident under permit from the city. It is fairly inferable from the testimony of all the witnesses

that the individual defendant ran his car into some hole or depression in the street or some object lying upon its surface, which deflected the car from its course.   It is plaintiff's claim that the defendant subway company had excavated a hole which was left unguarded; and that the presence of this unguarded hole was a proximate cause of the accident.   The evidence supports such an inference.   The mere denial of the existence of the hole is not conclusive.   If such a hole existed, then under the circumstances disclosed and in the absence of any reasonable explanation showing it might have been placed there by some other person, an inference might be drawn that it was placed there by the defendant corporation.

*Trashansky* v. *Hershkovitz,* 209 App. Div. 820, modified. ·

(Argued January 26, 1925; decided February 25, 1925.)

APPEAL from a judgment, entered August 14, 1924, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing as to the defendant, respondent, a judgment in favor of plaintiff and directing, as to it, a dismissal of the complaint.

*Alfred R. Page* and *Abraham M. Fisch* for appellant. The negligence of the subway company in leaving the excavation unguarded was a proximate cause of the accident.   (*Sweet* v. *Perkins,* 196 N. Y. 482.)   Appellant is entitled to every legitimate conclusion that can reasonably be drawn from the evidence, and if there was any evidence tending to support the verdict against this respondent, the judgment must be reversed.   (*Kraus* v. *Birnbaum,* 200 N. Y. 130; *Lalor* v. *City of New York,* 208 N. Y. 431; *Faber* v. *City of New York,* 213 N. Y. 411, 413; *Middleton* v. *Whitridge,* 213 N. Y. 499; *Pierce* v. *Atlantic Gulf & Pacific Co.,* 216 N. Y. 209, 212; *GaNun* v. *Palmer,* 216 N. Y. 603, 611; *Constantino* v. *Watson Contracting Co.,* 219 N. Y. 443, 446; *Marks* v. *Cowdin,* 226 N. Y. 138, 147; *McKellar* v. *Am. Synthetic Dyes,* 229 N. Y. 106; *Finch* v. *Foster,* 233 N. Y. 619, 621.)

*Charles I. Taylor* and *Thomas H. Beardsley* for respondent.   The evidence does not establish defendant's

responsibility for the foregoing alleged defective condition in Attorney street. (*French* v. *State*, 198 N. Y. Supp. 878; *Schmidt* v. *City of New York*, 179 App. Div. 671; 228 N. Y. 573; *Fithian* v. *Degnon Contracting Co.*, 175 App. Div. 386.) There is sufficient legal evidence that Hershkovitz's car did in fact strike this alleged defect in the middle of Attorney street, between Zingher's store and the drug store. (*Fealey* v. *Bull*, 163 N. Y. 397; *Pauley* v. *S. G. & T. Co.*, 131 N. Y. 90; *Dwight* v. *G. T. Ins. Co.*, 103 N. Y. 341; *Corrigan* v. *Bobbs-Merrell Co.*, 228 N. Y. 58; *Matter of Case*, 214 N. Y. 199.)

LEHMAN, J. Plaintiff's intestate was struck and killed by an automobile driven by the defendant Hershkovitz on March 26, 1923. The evidence shows that Hershkovitz drove the automobile south on Attorney street to Broome street. He turned west into Broome street, and in some manner lost control of his automobile which skidded into and along the north curb of Broome street. It ran into the plaintiff's intestate who was standing at the rear of a truck which he was unloading, near the north curb of Broome street, some distance west of the corner of Attorney street.

The evidence as to how the accident occurred and the cause of Hershkovitz losing control of the car is somewhat confused. At the time of the accident the surface of the street at the corner of Attorney and Broome streets was undoubtedly not in its usual condition. The defendant Consolidated Telegraph and Electrical Subway Company at the time of the accident and for some time prior thereto, was making some excavations in Attorney street at or near the corner of Broome street, under permit from the city. It had undoubtedly excavated three large holes there, but these three holes were properly guarded and no negligence on the part of the subway company in connection with these excavations has been shown. It is fairly inferable from the testimony of all

the witnesses that Hershkovitz ran the car into some hole or depression in the street or some object lying upon its surface, which deflected the car from its course, and it is the plaintiff's claim that the defendant subway company had excavated not only the three large holes which were properly guarded but also a smaller hole which was left unguarded; and that the presence of this smaller unguarded hole was a proximate cause of the accident. Whether this contention was correct was submitted to the jury, which brought in a verdict not only against the defendant Consolidated Telegraph and Electrical Subway Company, but also against the defendant Hershkovitz and the company of which he was then president. Upon appeal to the Appellate Division the judgment against Hershkovitz was modified and the judgment against the Consolidated Telegraph and Electrical Subway Company reversed and the complaint dismissed.

The order of reversal is on the ground that " the findings of fact implied in the verdict of the jury that said appellant Consolidated Telegraph and Electrical Subway Company was negligent and that any act of it was a proximate or contributory cause of the accident resulting in the death of plaintiff's intestate, are against the evidence and also on the law, in that there is no evidence to sustain such findings." The evidence against the subway company in regard to these findings may not be satisfactory, but we think there is some evidence to sustain them, and the complaint should not have been dismissed. Certainly there is evidence that there was an unguarded opening in the street near the defendant's excavations. There is evidence that Hershkovitz drove the car into that hole. and he claims that he then lost control of the steering wheel and did not regain it before the car struck the plaintiff's intestate. Doubtless there is some inconsistency in his testimony between the distance he says the car went after he drove it into the hole and the distance it must have gone in order to strike

the intestate where he stood, but the jury could believe that he did drive into the hole where he and others testified it existed; that he did lose control of the steering wheel, and that he did not regain control thereafter, even though the jury, in order to reach that conclusion, may have been compelled to disregard some of his and other witnesses' estimates of distances as inaccurate. Though the jury might under these circumstances properly hold, as they apparently have held, that Hershkovitz was negligent, the testimony of a number of witnesses of the fall of the car into an unguarded hole, and of its gyrations thereafter till it struck the intestate, support an inference that the existence of the hole itself constituted a proximate cause for all that followed. If the subway company was responsible for this condition, it may be held in damages for its natural result. The subway company was digging near that spot, under permit from the city. Its permit was sufficient to include a hole in that place. No one else had a permit to open the surface of the street there, and there is no evidence that any other person or corporation did any work there. A mere denial of the existence of a hole there is not conclusive, in the face of the affirmative testimony of its existence. If it existed, then under the circumstances disclosed and in the absence of any reasonable explanation showing it might have been placed there by some other person, an inference might be drawn that it was placed there by this defendant.

The judgment of the Appellate Division should be modified so as to grant a new trial and as so modified affirmed, with costs to abide the event.

HISCOCK, Ch. J., CARDOZO, POUND, CRANE and ANDREWS, JJ., concur; McLAUGHLIN, J., absent.

Judgment accordingly.