GRACE A. KILMER, Respondent, *v.* NEW YORK TELEPHONE COMPANY, Appellant.

RAY KILMER, Appellant, Respondent, *v.* NEW YORK TELEPHONE COMPANY, Respondent, Appellant.

Fourth Department, January 8, 1930.

*Nottingham, Clymer, Smith & Sleeth* [*Arloe L. Sleeth* of counsel], for the appellant.

*E. L. Wildman* [*Merwin W. Lay* of counsel], for the respondents.

THOMPSON, J. Plaintiffs are husband and wife, the wife suing for her injuries and the husband for medical expenses and loss of consortium. The two cases were tried together and each had a judgment on a separate verdict.

The plaintiff Grace A. Kilmer was injured at six-thirty P. M., December 17, 1927, in front of her residence by tripping and falling over a coil of telephone wire, one end of which was attached to

one of defendant's telephone poles. The defendant had been notified on the day previous that its wires were down in the vicinity of the scene of the accident. On the day of, and prior to the accident, three workmen using a truck similar to trucks ordinarily used by defendant cut the telephone wires with a device regularly used by telephone workmen and threw them back into plaintiffs' yard. They worked there for half an hour or more on that day and were there on several other days.

It was contended here by appellant that plaintiff had failed to establish the fact that the men who placed the wire over which she tripped at the location of the accident were its employees. Evidence that workmen were found engaged upon the poles and wires of defendant is *prima facie* proof that they were its servants. (*Norris* v. *Kohler*, 41 N. Y. 42; *Svenson* v. *Atlantic Mail S. S. Co.*, 57 id. 108; *Seaman* v. *Koehler*, 122 id. 646; *Ferris* v. *Sterling*, 214 id. 249, 253; *Gulliver* v. *Blauvelt*, 14 App. Div. 523; Abbott's Proof of Facts [3d ed.], 457.) And there being no reasonable explanation showing that the work done on the defendant's telephone lines on December 17, 1927, was done by someone other than defendant's workmen, an inference might properly be drawn that it was done by them. (*Trashansky* v. *Hershkovitz*, 239 N. Y. 452, 456.)

No one had occasion to work on defendant's telephone wires except defendant's employees, and the testimony discloses that they had abundant and imminent occasion to do so, and that their work was not undone or done over by any one else. The jury was fairly warranted in finding that the men who were working on defendant's telephone line at the time in question were defendant's employees and that they negligently placed the wires where plaintiff fell over them. (*Kenney* v. *South Shore Natural Gas & Fuel Co.*, 134 App. Div. 859.)

The plaintiff Ray Kilmer by his appeal seeks a new trial because he claims the verdict is insufficient. We are of the opinion that his claim in that respect is not sustained.

The judgments and orders should be affirmed, with costs in the one case, but without costs in the case in which Ray Kilmer is plaintiff.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

In the first case: Judgment and order affirmed, with costs.

In the second case: Judgment and orders affirmed, without costs of this appeal to either party.