Zimmerman, J.
 

 Plaintiff complains of two matters, viz., the exclusion of testimony and the rendition of judgment against him. Maxwell G. Tielke, vice-president of the defendant company, was called by plaintiff for cross-examination, and testified to the effect that, at and about the time of plaintiff’s injury, the defendant’s general foreman in its foundry was one Janke or Jaenke, that he was the only one occupying such a position there, that he was working regularly and would be the one with whom any special arrangements would be made by The Cleveland Window
 
 *456
 
 Cleaning Company as to the washing of windows inside the foundry, including those in the monitor.
 

 Plaintiff testified he began washing windows at defendant’s plant on October 13, 1930, and on that day and the following day had observed an individual whose name he did not know but whom he designated as a foreman, directing and supervising the work in the foundry. “He had a white shirt on and he was dressed better than the rest of them.” “I saw him walking around there and he was bossing the other fellows what to do.” He was giving orders “where the cranes were run, where they were pouring that hot steel load.”
 

 Plaintiff’s counsel then asked him, the plaintiff, to relate what was said in his presence and hearing by defendant’s alleged foreman to one Sherrill, foreman of The Cleveland Window Cleaning Company, concerning the washing' of windows in the monitor, the first occasion being on the afternoon of October 14th and the second early the following morning. These questions were objected to and the objections sustained on the ground that the alleged foreman had not been sufficiently identified as a person of authority in defendant’s employ, and if he did possess some authority its nature and extent had not been shown.
 

 Exceptions were reserved and counsel for plaintiff stated if the witness were permitted to answer he would say defendant’s foreman told the foreman of The Cleveland Window Cleaning Company it would be all right to go ahead and wash the windows of the monitor on the inside on the morning of October 15th; that the power would be off and the cranes would not be operating; that they should proceed with the work.
 

 We think the excluded testimony was competent against defendant on the vitally important issues of notice and due care, and the trial court committed prejudicial error in refusing t6 admit it.
 

 Many years ago, in
 
 Welfare
 
 v.
 
 London & Brighton Ry. Co.,
 
 English Law Reports, 4 Queen’s Bench, 693,
 
 *457
 
 696, 38 L. J. Q. B. (N. S.), 241, 20 L. T. (N. S.), 743, 17 Week. Rep., 1065, Cockburn, C. J., remarked:
 

 “I agree that where a thing is being done upon the premises of an individual or a company in the ordinary course of business, it would fairly be presumed that the thing was being done by a person in the employment of the principal for whose benefit the thing was being done.”
 

 In Abbott on Facts (5th Ed.), page 649, Section 457, it is stated:
 

 “Evidence that’ a person was actually engaged in performing labors such as were a part of the ordinary business of -an employer is sufficient to go to the jury as evidence that he was acting as a servant of the latter. For this purpose it is not necessary to identify the person.” See, also, page 185, Section 150 of the same work.
 

 Therefore, in an action wherein defendant’s' liability depends upon proof of a master-servant relation, such relation is
 
 prima fade
 
 established by showing the alleged servant was performing services' peculiar to the defendant’s business or affairs on and about the latter’s property, and acts done in the rendition of such services may be found to be within the scope of employment, thus calling upon the defendant for rebuttal if he desires to escape the possible consequences.
 
 Dibble
 
 v.
 
 San Joaquin L. & P. Corp.,
 
 47 Cal. App., 112, 190 P., 198, 199 (hearing denied by the Supreme Court of California);
 
 Kilmer
 
 v.
 
 New York Telephone Co.,
 
 228 App. Div., 63, 238 N. Y. Supp., 512, 513;
 
 McCoun
 
 v.
 
 New York Central & Hudson River Rd. Co.,
 
 66 Barb. (N. Y.), 338;
 
 Moreman
 
 v.
 
 Armour & Co.
 
 (Tex. Civ. App.), 65 S. W. (2d), 334, 338;
 
 Oklahoma City Constr. Co.
 
 v.
 
 Peppard,
 
 43 Okl., 121, 140 P., 1084, 1085; 39 Corpus Juris, page 1355, Section 1581, and page 1361, Section 1590. Compare, 26 Ohio Jurisprudence, 679, Section 674
 
 et seq.; Western Union Telegraph Co.
 
 v. Lamb,
 
 *458
 
 140 Tenn., 107, 203 S. W., 752;
 
 Western Union Telegraph Co.
 
 v.
 
 Scrivener
 
 (C. A., D. C.), 18 F. (2d), 162.
 

 Application of the rule is illustrated in
 
 Robinson
 
 v.
 
 Doe,
 
 224 Mass., 319, 112 N. E., 1007, where plaintiff was struck and injured by a stone or brick thrown by an apparent employee of the defendants while driving away a crowd’ of boys who had gathered about a circus tent. The trial judge submitted the case to the jury which returned a verdict for the plaintiff. Defendants alleged exceptions. Overruling the exceptions, the Supreme Judicial Court of Massachusetts'said in its opinion at page 321:
 

 “Where a person appears to be in charge or control of a portion of a circus tent and the contiguous grounds, and * * * is openly engaged with others in taking down the tent, a jury could reasonably infer from his acts, his dress, the nature of the work he is doing, and the number of men assisting him, and all the special circumstances of the case, that the person was in the employ of the defendants and with their assent and authority was in control of their property.
 

 “Being in charge of the work, in view of the peculiar character of his employment, it also might be found in driving the boys away he was acting within its scope and purpose, although perhaps the particular means he made use of were not intended nor contemplated by his employers.”
 

 ‘So, in the instant case, plaintiff described a person of outstanding authority in defendant’s foundry, engaged in directing the labor of the workmen employed there, for whose benefit and accommodation the electric cranes were operated in furtherance of defendant’s business. The circumstances recounted, if believed, would fairly and reasonably justify the inference that such individual was defendant’s foreman in charge of the foundry, whose representations and instructions within the sphere of his apparent control would be those of the defendant.
 
 Indiana, B. & W.
 
 
 *459
 

 Ry. Co.
 
 v.
 
 Adamson,
 
 114 Ind., 282, 290, 15 N. E., 5, 9, Compare 17 Ohio Jurisprudence, 38, Section 12;
 
 Cleveland-Akron Bag Co.
 
 v.
 
 Jaite,
 
 112 Ohio St., 506, 514, 148 N. E., 82.
 

 The case of
 
 Sobolovitz
 
 v.
 
 Lubric Oil Co.,
 
 107 Ohio St., 204, 140 N. E., 634, relied on by defendant, is clearly distinguishable on its facts. There, plaintiff was injured by a moving motor truck. One witness testified that inscribed on the truck was the name “Lubric Oil.” The court held that while such testimony might support the inference defendant owned the truck, it would not sustain the further inference that the truck was being driven at the time of the injury by a servant of the defendant in pursuance of its business.
 

 The present case may also be differentiated from those cases involving injuries by ordinary motor vehicles operated on the public thoroughfares, where the most plaintiff shows is the general relationship of employer and employee between the defendant-owner of the vehicle and the offending driver, and the purpose for which the vehicle is being used at the time of injury is left entirely to conjecture.
 
 White Oak Coal Co.
 
 v.
 
 Rivoux, Admx.,
 
 88 Ohio St., 18, 102 N. E., 302.
 

 A case more favorable to defendant’s position is
 
 Lashure
 
 v.
 
 East Ohio Gas Co.,
 
 119 Ohio St., 9, 162 N. E., 41. It is submitted that although this case may be successfully distinguished from the one at bar, it was closely decided against the plaintiff.
 

 There is little or no dissent from the proposition that when the owner or occupier of premises engages an independent contractor to do work thereon, an employee of the contractor, while executing the work, is impliedly there at the request of the owner and is an invitee toward whom the owner owes the duty of exercising ordinary care.
 
 Kelly & Sons
 
 v.
 
 Howell,
 
 41 Ohio St., 438, 442;
 
 John Spry Lumber Co.
 
 v.
 
 Duggan,
 
 
 *460
 
 182 Ill., 218, 222, 54 N. E., 1002, 1004;
 
 Murphy, Admx., v. Core Joint Concrete Pipe Co.,
 
 110 N. J. Law, 83, 164 A., 262, 263;
 
 Middleton
 
 v.
 
 P. Sanford Ross, Inc.
 
 (C. C. A. 5), 129 C. C. A., 622, 213 F., 6, 10;
 
 McGinty
 
 v.
 
 Penn. Bd. Co.
 
 (C. C. A. 6), 6 F. (2d), 514, 515;
 
 Lucas
 
 v.
 
 Walker,
 
 22 Cal. App., 296, 134 P., 374, 376 (rehearing denied by the Supreme Court of California, 134 P., 379);
 
 Ridenour
 
 v.
 
 International Harvester Co. of America
 
 (Mo. App.), 205 S. W., 881, 883. This principle was recognized, but not specifically mentioned, in
 
 Brier Hill Steel Co.
 
 v.
 
 Ianakis,
 
 93 Ohio St., 300, 112 N. E., 1013, and
 
 Trumbull Cliffs Furnace Co.
 
 v.
 
 Shachovsky,
 
 111 Ohio St., 791, 146 N. E., 306.
 

 Some of the cases in which the above rule has been applied in favor of employees of independent contractors who have received injuries by the negligent operation of traveling cranes are as follows:
 
 National Machinery Co.
 
 v.
 
 Towne,
 
 11 Ohio App., 186, 30 O. C. A., 225;
 
 Standard Steel Car Co.
 
 v.
 
 McGuire
 
 (C. C. A. 3), 88 C. C. A., 469, 161 F., 527;
 
 Edsberg
 
 v.
 
 Baldwin Locomotive Works,
 
 240 Pa. St., 614, 88 A., 8;
 
 Smale
 
 v.
 
 Wrought Washer Mfg. Co.,
 
 160 Wis., 331, 151 N. W., 803;
 
 Engle
 
 v.
 
 Boston Ice Co.
 
 (Mass. Sup.), 4 N. E. (2d), 455.
 

 Of course, it need hardly be added that the
 
 credibility
 
 of plaintiff’s testimony was not for the court’s determination. 39 Ohio Jurisprudence, 737, Section 145.
 

 Without lengthening this opinion further, our conclusion is that with the benefit of the rejected testimony plaintiff would have made out a
 
 prima facie
 
 case against the defendant on-the questions of negligence and proximate cause.
 

 The trial court having erred prejudicially in excluding the proffered testimony and in rendering judgment against plaintiff, and the Court of Appeals having erred in approving such procedure, the judgment of the Court of Appeals is reversed and the
 
 *461
 
 cause is remanded to the Court of Common Pleas for further proceedings.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Day, Williams and Myers, JJ., concur.