**AMERICAN STEEL & WIRE CO. v. SIERASKI.**

**No. 8613.**

Circuit Court of Appeals, Sixth Circuit.

May 7, 1941.

Clan Crawford, of Cleveland, Ohio (Squire, Sanders & Dempsey and Thos. M. Kirby, all of Cleveland, Ohio, on the brief), for appellant.

Marvin C. Harrison, of Cleveland, Ohio (Harrison & Marshman and Hedrick & Hedrick, all of Cleveland, Ohio, on the brief), for appellee.

Before HICKS, ALLEN, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

On the verdict of a jury in the District Court, Benjamin Sieraski, an employee of The Thornton Sheet Metal Company, was awarded judgment for damages for personal injuries received by him while working on premises of appellant, The American Steel & Wire Company. Appellant urges that, because at the time of the accident appellee was employed by an independent contractor, the injured workman assumed the risk in the circumstances of

the case and that the record reveals no breach of legal duty on the part of appellant.

By contract, appellee's employer had undertaken the rehabilitation of appellant's coke plant. This work embraced the repair of disintegrating tanks and plates, the fixing of furnaces, the replacement of flooring and the repair of eroded gas mains. The use of welding machines was necessary and a dozen or more of these devices, which for mobility were fastened to four-wheeled, wagon-like contrivances, had been placed by the contractor in appellant's plant at various spots where repair work was progressing. On the morning of the accident, a foreman of the Thornton Company had hoisted one of the welding machines to a concrete platform about eight feet wide, 800 to 1,000 feet long, and elevated ten or twelve feet above the surface of the ground. He instructed the appellee to assist two other workers in moving the welder to a point where it was needed on the platform.

To comply with this order, appellee and his fellow-workmen were compelled to walk along the platform, which ran alongside the coke ovens a distance of eight hundred to a thousand feet and had been constantly walked upon by men employed by both companies. This same platform had been used previously by others engaged in moving welding machines under instructions of their foremen.

One of his co-workers was pulling the welding machine carriage from the front; the other was pushing the four-wheeled apparatus from the inside rear; and the appellee, himself, was pushing the machine from an outside rear position nearer the ground-side of the platform, when suddenly and unexpectedly the right rear wheel of the welder sank to its axle through the concrete platform. This caused the welder to swerve in such manner as to knock appellee off the platform and hurl him to the ground below, to his serious personal injury.

Appellee testified that he had received no warning from anyone that the platform was defective or dangerous, and that he had observed no holes in it. In view of the jury verdict, his testimony must be accepted as true, though he was contradicted by witnesses introduced by the appellant. It should be noted that the independent contractor who employed and had control of appellee in his work was not engaged in repairing the defective concrete platform. Indeed, there is evidence, not only that the platform was used customarily as a walkway by employees of appellant, but also that it was used by them in moving materials, including coke and all kinds of scrap.

We quote from the testimony of the appellee:

"Q. And while you were there,—so there is no misunderstanding—you did see American Steel and Wire employees going back and forth carrying materials along this very platform? A. Yes, sir. They had to.

"Q. And along the very place where you got hurt? A. Yes, sir."

Much of appellant's argument is seemingly based on the erroneous assumption that on this appeal we are free to determine whether a preponderance of evidence supports the jury verdict. As should be known, we are concerned merely with finding whether there is substantial evidence to support the verdict.

The record contains unequivocal, substantial evidence to the effect that employees of appellant used the platform not only as a walkway, but for the transportation of heavy materials; that appellee had observed such use; that prior to the accident, the use of the platform by employees of the independent contractor as a support for welding machines was known to and not forbidden by appellant; that the platform was known by appellant but unknown by appellee to be dangerous and unsafe; and that appellant failed to warn appellee of such hazardous condition. Assuming, as we must, that the jury based its verdict upon such evidentiary facts, our conclusion is that appellant has properly been held legally liable for appellee's injury.

In Hozian v. Casting Co., 1937, 132 Ohio St. 453, 9 N.E.2d 143, 112 A.L.R. 333, the Supreme Court of Ohio, in the syllabus, states: "When the owner or occupier of premises engages an independent contractor to do work thereon, an employee of the contractor, while executing the work, is impliedly there at the request of the owner and is an invitee toward whom the owner owes the duty of exercising ordinary care." Among other authorities, the Ohio Court cites the opinion of this court in McGinty v. Pennsylvania Railroad Company, 6 Cir., 6 F.2d 514, 515, in which, in reversing a directed verdict for the de-

fendant railroad company where an employee of a coal company had been injured while moving loaded coal cars over the tracks of the railroad, the court said: "We cannot doubt that under the circumstances here presented the defendant owed to the plaintiff the duty of exercising reasonable care to keep the premises where he was thus working free from unusual and unnecessary obstructions and defects which would be likely to cause him injury."

■ But the judgment here under review does not rest alone upon common-law doctrine as declared by the highest court of the State of Ohio, whose laws it is our duty to. apply. Decision in the instant case is directly pointed by cogent applicable Ohio Statutes. See General Code of Ohio, Sections 871-13(1), (2), (3), (5), (11); 871-15; 871-16; 871-17.

■ The platform upon which the accident occurred was plainly a "place of employment" and the work being done by appellee was clearly an "employment" within the two first cited subsections of Section 871-13, supra. Also, appellant was obviously an "employer" within the meaning of subsection (3), supra, which provides that the term "employer" includes every person having control or custody of a "place of employment."

It is undeniable and is not denied by appellant that appellee was a "frequenter" of the "place of employment" within the express terms of subsection (5), supra.

It, therefore, follows that, applying the definition of "safe" and "safety" contained in subsection (11) of Section 871-13, supra, the definite duties imposed by Sections 871-15, 871-16, and 871-17, supra, rested upon appellant in relation to the. work of appellee upon the former's plant-premises.

■ Under the plain provisions of these Ohio Statutes, which are quoted in the footnote,[1] infra, appellant owed the duty to appellee, even though employed by an independent contractor, to provide appellee "while a frequenter" of appellant's premises with a place of employment which was as safe or free from danger as the nature of the employment would reasonably permit. The trial judge correctly charged these statutory duties, and the jury found the facts to prove their violation by the appellant.

---

[1] [General Code of Ohio].

Sec. 871-13.

"(11) The terms 'safe,' and 'safety,' as applied to any employment or a place of employment, shall mean such freedom from danger to the life, health, safety or welfare of employees or frequenters as the nature of the employment will reasonably permit, including requirements as to the hours of labor with relation to the health and welfare of employees."

"§ 871-15. *Employer required to protect the life, health and safety of employes.*—Every employer shall furnish employment which shall be safe for the employes therein, and shall furnish a place of employment which shall be safe for the employees therein, and for frequenters thereof, and shall furnish and use safety devices and safeguards, and shall adopt and use methods and processes, follow and obey orders and prescribe hours of labor reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety and welfare of such employees and frequenters."

"§ 871-16. *Places of employment must be safe and provided with safety devices.*—No employer shall require, permit or suffer any employe to go or be in any employment or place of employment which is not safe, and no such employer

shall fail to furnish, provide and use safety devices and safeguards, or fail to obey and follow orders or to adopt and use methods and processes reasonably adequate to render such employment and place of employment safe, and no employer shall fail or neglect to do every other thing reasonably necessary to protect the life, health, safety and welfare of such employes or frequenters; and no such employer or other person shall hereafter construct or occupy or maintain any place of employment that is not safe."

"§ 871-17. *Employee shall not remove any safety device, interfere with the use thereof nor disobey rules for the protection of life, health or safety.*—No employee shall remove, displace, damage, destroy or carry off any safety device or safeguard furnished or provided for use in any employment or place of employment, nor interfere in any way with the use thereof by any other person, nor shall any such employe interfere with the use of any method or process adopted for the protection of any employee in such employment or place of employment, or frequenter of such place of employment, nor fail or neglect to follow and obey orders and to do every other thing reasonably necessary to protect the life, health, safety and welfare of such employees and frequenters."

712

Popowich v. American Steel & Wire Co., 6 Cir., 13 F.2d 381, 382, cited by appellant, does not gainsay the conclusion we have reached. On the contrary, that earlier decision of this court recognized that, by enactment of the Ohio statutes under consideration, the legislature "saw fit to extend the protection given the employee—as we conceive it—to the frequenter of the place where the employee was required to be, and to protect him too while thereat against injury, thus affording to him collaterally the protection accorded the employee." It was held merely that an independent contractor's employee, standing on a window sill to wash windows, was not when he fell within the benefits of the statute. Judge Moorman said: "To extend the duty to a place of that kind would be an expansion of the statute beyond its intended remedial effect."

The judgment of the District Court is affirmed.