## HOLT v. TEXAS–NEW MEXICO PIPELINE CO.

### No. 10838.

Circuit Court of Appeals, Fifth Circuit.

Dec. 8, 1944.

Rehearing Denied Jan. 13, 1945.

John J. Watts, of Crane, Tex., for appellant.

Eugene R. Smith, of El Paso, Tex., and Wm. E. Loose, of Houston, Tex., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

On August 19, 1941, the Texas-New Mexico Pipeline Company, hereinafter called the company, employed the T. E. King Construction Company, an independent contractor, hereinafter called the contractor, to construct a pipeline in Texas. On September 22, 1942, while working on that project as an employee of the contractor, Ward Holt sustained personal injuries from an explosion of dynamite. He filed this suit for damages against the company, and after hearing the evidence the court below directed a verdict for the defendant; from the judgment entered thereon, this appeal was taken.

The contract between the company and the contractor related to the construction of a discharge line of welded 6-inch standard pipe extending from Abell Station in Pecos County, Texas, to Crane Station, Crane County, Texas, a distance of approximately 19 miles. One of its provisions vested in the contractor full and exclusive power

to select the means, methods, and manner of performing the work required by the contract, and made it responsible to the company only for the faithful completion of the work in accordance with the plans and specifications. The terrain over which the pipe was to be laid was open pasture land containing some areas of rocky surface necessitating blasting operations.

On September 21, 1942, certain employees of the contractor had engaged in blasting operations to excavate the rocky structure, using individual sticks of dynamite exploded by fuse caps. Some of the sticks, for reasons unexplained in the record, did not explode. Though it was customary for workmen engaged in such enterprises to make an examination to ascertain whether all the dynamite had exploded, and to remove any charges that failed to explode, these workmen did not discover or remove all of the unexploded charges.

On the following day, Holt was at work with four fellow servants on a different portion of the ditch. Tony Hudler, a welding inspector employed by the company to see that the work met the specifications of the contract, came up to the group and told the straw boss that there were some humps or irregularities in the rocky section of the ditch that would have to be dug out. The five workmen then proceeded to the site of the blasting operations and began levelling off the ditch. While so engaged, Holt's pick struck a dynamite cap and caused the explosion that injured him.

Appellant contends that these facts made out a case for determination by the jury under two well-settled legal principles: (1) That an owner or occupant of premises owes a duty to an invitee to maintain such premises in a reasonably safe condition; and (2) that where one secures the performance of work that is intrinsical-ly dangerous, however skillfully it may be performed, the one in whose behalf the work is done is charged with the highest degree of care to prevent injury, which duty may not be delegated to another.

These principles have long been recognized in Texas,[1] but they have no application to the situation presented by the facts of this case. Holt, as an employee of the contractor, was an invitee upon the premises,[2] but his injuries did not result from any failure of the company to perform any duty imposed upon it by law to maintain the premises in a reasonably safe condition. The premises here involved were open prairie lands that presented no hazards likely to cause injury to the appellant. The danger that culminated in the explosion was created by the negligence of the employees of the independent contractor in failing to discover and remove the unexploded dynamite. The existence of the danger was unknown to the company, and such knowledge could not be imputed to it; nor was the danger of injury reasonably foreseeable.

At the time Holt was injured, he and all other employees in the vicinity were engaged in levelling the ditch with picks and shovels. Such manual labor is not intrinsically dangerous if skillfully performed. We do not hold that, since the contract contemplated blasting operations, every employee engaged in the project in any capacity should be said to risk whatever danger might be attendant thereto;[3] but if this were true, it is the rule in Texas and elsewhere that work requiring dynamiting in a barren, rural section is not intrinsically dangerous.[4] Moreover, the injury sustained did not result directly from the performance of that work; the blasting operations took place on the day preceding the injury. As the Supreme Court

[1] Cameron Mill & Elevator Co. v. Anderson, 98 Tex. 156, 81 S.W. 282, 1 L. R.A.,N.S., 198; Galveston-Houston Electric Ry. Co. v. Reinle, 113 Tex. 456, 258 S.W. 803; Bustillos v. Southwestern Portland Cement Co., Tex.Com.App., 211 S.W. 929; Atex Construction Co. v. Farrow, Tex.Civ.App., 71 S.W.2d 323; El Paso Electric Co. v. Buck, Tex.Civ.App., 143 S.W.2d 438; Loyd v. Herrington, Tex.Civ.App., 178 S.W.2d 694, 700; 18 R.C.L. 542; 27 Am.Jur. 517.

[2] Crow v. Continental Oil Co., 5 Cir., 100 F.2d 292; United Production Co. v. Chesser, 5 Cir., 107 F.2d 850; Amacker

v. Skelly Oil Co., 5 Cir., 132 F.2d 431; Galveston-Houston Electric Ry. Co. v. Reinle, 113 Tex. 456, 258 S.W. 803; Hozian v. Crucible Steel Casting Co., 132 Ohio St. 453, 9 N.E.2d 143, 112 A.L.R. 333, and cases cited.

[3] Cf. Salmon v. Kansas City, 241 Mo. 14, 145 S.W. 16, 39 L.R.A.,N.S., 328.

[4] Joseph R. Foard Co. v. Maryland, 4 Cir., 219 F. 827; Kendall v. Johnson, 51 Wash. 477, 99 P. 310; Dibert v. Giebisch, 74 Or. 64, 144 P. 1184; Dayton v. Free, 46 Utah 277, 148 P. 408; 19 Tex.Jur., Sec. 11, page 467; 14 R.C.L., Sec. 31, page 95.

864

of Texas said in Loyd v. Herrington, 182 S.W.2d 1003, 1004:

"In none of the cases we have found on the subject has the employer or contractee been held liable for any injuries except those which result directly from the nature of the inherently dangerous work and which might reasonably have been within the contemplation of the parties. No recovery may be allowed for an injury resulting from an act or fault purely collateral to the work and which arises entirely from the wrongful act of the independent contractor or his.employees." ›

Since it is clear that Holt's injuries resulted from a danger created solely by the negligence of the employees of the independent contractor, and since the work being done was of a character not intrinsically dangerous if skillfully performed, the company was not shown to have violated any duty, delegable or otherwise, owed to the. appellant.[5] The motion for a directed verdict was properly granted, and the judgment appealed from is affirmed.

5 Cf. Missouri Valley Bridge & Iron Co. v. Ballard, 53 Tex.Civ.App. 110, 116 S.W. 93; Cameron M. & E. Co. v. Anderson, 34 Tex.Civ.App. 105, 78 S.W. 8; Loyd v. Herrington, Tex.Sup., 182 S.W. 2d 1003.