■ GERALD BLINN, Appellant, v. ALLIED-FORD CORP. et al., Respondents.— Judgment unanimously reversed on the law and a new trial ordered, with $50 costs to appellant. This is an action to recover damages for personal injuries. Plaintiff claims a breach of warranty as against both defendants, one being the manufacturer and the other the seller of the motor vehicle involved, and now claims negligence as to the seller only. Testimony of conversations had by plaintiff with the employees of Allied-Ford Corp. (herein Allied) upon the various occasions when the car was returned for repair and adjustment were excluded. This was error. (*Guagliardo* v. *Ford Motor Co.*, 7 A D 2d 472; *Kilmer* v. *New York Tel. Co.*, 228 App. Div. 63; see, generally, 4 N. Y. Jur., Automobiles,

§§ 483–487, as to the liability of manufacturer and dealer.)  It was error also to exclude the testimony of the expert (*Guagliardo* v. *Ford Motor Co., supra*; cf. *Goldberg* v. *Kollsman Instrument Corp.*, 12 N Y 2d 432) particularly on the ground stated (Richardson, Evidence [9th ed.], § 390; 2 Wigmore, Evidence [3d ed.], § 672 *et seq.*).  Nor can it be held upon the record before us that plaintiff by continued operation of the car was guilty of contributory negligence as a matter of law.  Concur — Rabin, J. P., Valente, McNally, Stevens and Steuer, JJ.