■ GRAZIA DE RASMO, as Administratrix of the Estate of DOMINIC DE RASMO, Deceased, Respondent, v. LONG ISLAND LIGHTING COMPANY, Appellant, TANWOOD AT MASSAPEQUA, INC., Appellant-Respondent, and NEW YORK TELEPHONE COMPANY, Respondent, et al., Defendants. LONG ISLAND LIGHTING COMPANY, Third-Party Plaintiff-Appellant v. DENTON EQUIPMENT, INC., Third-Party Defendant-Respondent. (And Three Other Cross Complaints.) — Judgment of the Supreme Court, Nassau County, entered May 12, 1965, and order of said court, entered July 8, 1965 (amending said judgment), reversed on the facts; action severed and a new trial granted between plaintiff and defendants Long Island Lighting Co. and Tanwood at Massapequa, Inc., limited to the cause of action for conscious pain and suffering, with costs to abide the event, unless, within 30 days after entry of the order hereon, plaintiff shall serve and file a written stipulation consenting to reduce from $10,000 to $3,500 the amount of the verdict in her favor against said defendants on said cause of action, and to modify the order and judgment accordingly (with respect also to the cross complaint of defendant Tanwood at Massapequa, Inc., against Long Island Lighting Co.), in which event the judgment and order, as so reduced and modified, are affirmed, insofar as appealed from, without costs. In our opinion, the verdict for the decedent's conscious pain and suffering was excessive at least to the extent indicated. Beldock, P. J., Christ, Hill and Rabin, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: This action to recover for wrongful death arose out of the electrocution of Dominic De Rasmo when a crane operated by his coemployee during the construction of a building development came into contact with a high tension cable. The cable had been strung up and energized by defendant Long Island Lighting Co. upon poles which had been erected by the New York Telephone Co. The deceased was employed by Denton Equipment, Inc., a subcontractor engaged by defendant Tanwood, the owner of the land. A prime issue before us is whether Tanwood may recover against Long Island Lighting upon its cross claim. Tanwood has been found passively negligent and Long Island Lighting Co. actively negligent. The jury could have found on the evidence before it that Long Island Lighting Co. energized the lines in question without giving notice to Tanwood and without giving any warning to the construction and excavation crews. The president of Tanwood, Samuel R. Glaser, testified that he knew Denton's employees were working with a crane near the area of the accident, that he did not know when the wires were energized, that he did not request such notification, that he did not demand that warning signs be posted and that he had never inquired whether the wires were energized. John Stefanucci, the crane operator, was permitted to testify that he had been told by "Some Long Island Lighting people" at an undetermined time that there was no electricity in the wire. However, he nevertheless grounded the crane. George Cresser, an area supervisor with the Long Island Lighting Co., was not permitted to testify to a conversation had with a "crane crew" at the job site 18 days before the accident even though this was the very crane involved in the accident. I believe that the refusal to admit Cresser's testimony was reversible error. The jury would have been warranted in finding that the crane crew with whom Cresser had conversation on October 2, 1959, were employees of Denton (*Trashansky* v. *Hershkovitz,* 239 N. Y. 452, 456; *Norris* v. *Kohler,* 41 N. Y. 42; *Kilmer* v. *New York Tel. Co.,* 228 App. Div. 63). The introduction of this testimony in an apparent effort to establish notice of the energizing of the wires was also mandated by the allowance of Stefanucci's testimony as to

his conversations with unidentified representatives of Long Island Lighting Co. at some unspecified time, especially in view of Stefanucci's testimony that he had grounded the crane. I am also of the opinion that the finding that Tanwood was merely passively negligent and therefore entitled to indemnity from the Long Island Lighting Co. was unwarranted. Tanwood was under a statutory and common-law duty to provide its employees with a safe place in which to work (*Zinsenheim* v. *Congregation Beth David*, 10 A D 2d 501; Labor Law, § 200). While it is no doubt the law that normally a landowner must have actual knowledge of a dangerous condition created by another before he can be held actively negligent (see, e.g., *Jackson* v. *Associated Dry Goods Corp.*, 13 N Y 2d 112, 116–117), an act of omission may constitute active negligence where there is an affirmative duty to act. The nondelegable duty to provide required safeguards in the performance of inherently dangerous work may be active negligence in a particular case (*Colon* v. *Board of Educ.*, 11 N Y 2d 446, 451). This is such a case. Tanwood violated its affirmative duty by complete inaction in a situation in which the possible danger was obvious and is therefore not entitled to indemnity. Were we to engage in a semantic discourse as to whose negligence was the greater as between two defendants, both of whom I believe to have been actively negligent, the negligence of Tanwood in completely failing its statutorily imposed duty in an inherently dangerous place outweighed that of Long Island Lighting, which merely failed to observe its custom of posting warning notices after it had performed the lawful act of energizing the wires. I would reverse and grant a new trial.