Richard S. Leffer, Esq. Informal Opinion Chief Deputy County Attorney No. 2000-15 County of Nassau Ralph G. Caso Executive and Legislative Building One West Street Mineola, N Y 11501-4820
Dear Mr. Leffer:
You have inquired whether Nassau County may enact a local law to amend its County Charter in order to grant zoning powers to the Village of Atlantic Beach. We conclude that it is authorized to so amend the Charter by local law, subject to the referendum requirements of the State Constitution.
Background
In Chapter 879 of the Laws of 1936, the Legislature established an "Alternative Form of Government for Certain Counties." The statute provided a complete charter for an eligible county that elected to adopt its form as its county charter. See L. 1936 ch. 879, §§ 2601, 2602. Chapter 879 was one of the laws setting forth forms of county government that were enacted pursuant to the New York Constitution, Art. III, §26(2), which directed the Legislature to provide by law "alternative forms of government," i.e., charters, for counties.
You have informed us that Nassau County was the only county eligible to adopt the form set forth in Chapter 879, and that Nassau County adopted the form as its County Charter in 1938. Included within this County Charter, derived from the form in Chapter 879, was a provision that preserved zoning laws which were enacted by any village and in effect on the date that the Charter became effective in the County. Specifically, under section 1607 of the Charter, zoning powers of towns in the county are to be exercised
 within all portions of such town unincorporated as a village at the date on which this act becomes effective in the county, irrespective of the inclusion thereof in a village erected or incorporated after such date, and also within all territory situated in such town and in a village previously incorporated which at such date does not have a valid zoning ordinance.
Thus pursuant to the Charter, any village in existence but without its own zoning laws on the effective date of the Charter, and any village established after that date, became subject to the zoning regulations of the town of which it was a part.
You have informed us that, except for the Village of Atlantic Beach, which was not created until 1963, all villages in Nassau County were in existence and exercised zoning powers on the effective date of the Charter. Atlantic Beach, as a portion of the Town of Hempstead that was "unincorporated as a village" at the time the charter provisions became effective in Nassau County, became the only village in Nassau County subject to the Town's zoning powers. The Village of Atlantic Beach now desires authority to establish its own zoning laws. You inquire whether Nassau County is authorized to enact a local law amending section 1607 of its Charter to grant the Village the authority to enact its own zoning laws, or whether an act of the Legislature is required to amend the form of county charter contained in Chapter 879 and adopted by Nassau County.
Analysis
Constitutional and statutory developments since adoption of the Nassau County Charter make amendment of the Charter by local law possible, without a required legislative act to amend the form of charter contained in Chapter 879. In 1963, current Article IX of the Constitution was adopted. Article IX was a successor to Article III, § 26 (pursuant to which Chapter 879 was enacted) as the home rule provision of the State Constitution. Article IX required the Legislature to empower counties "to adopt, amend or repeal alternative forms of county government provided by the legislature or to prepare, adopt, amend or repeal alternative forms of their own." N.Y. Const., Art. IX, § 1(h)(1) (emphasis added). Specifically, this provision permitted establishment or amendment of a county charter by act of the Legislature or by local law in order to transfer functions of a county or of political subdivisions in the county "to each other," and defined the referendum required to effectuate such a transfer.[1]
The Legislature implemented Article IX, § 1(h)(1) by adopting Article 4 of the Municipal Home Rule Law, referred to as the "County Charter Law." The Legislature elected not to provide complete forms of charters for adoption by counties, and instead authorized counties to develop, amend and repeal their own charters. Specifically, Article 4 of the Municipal Home Rule Law authorizes a county to adopt, amend or repeal its own county charter setting forth the structure of county government and the manner in which it is to function. See Municipal Home Rule Law §33(1), (2). A county's authority under Article 4 is exercised through enactment of "charter laws" — that is, "local law[s] providing, amending or repealing a county charter." Municipal Home Rule Law § 32(2). A county charter may include a charter law "which would have the effect of transferring a function or duty of the county, or of a city, town, village, district or other unit of local government wholly contained in the county." Id. § 33(7)(b). Although a local government generally may not impair the powers of another local government, the State Constitution establishes an express exception to this principle for a transfer of functions under an alternative form of county government. See N.Y. Const., art. IX, § 2(d).
Accordingly Article IX, § 1(h)(1) of the State Constitution, as implemented by Article 4 of the Municipal Home Rule Law, authorizes Nassau County to amend section 1607 of its Charter by local law without requiring legislative action to amend the form of charter contained in Chapter 879.[2] The power to amend a county charter is exercised through enactment of local laws establishing charter provisions. See
Municipal Home Rule Law § 32(2). Nassau County is authorized to amend section 1607 of its Charter under Article IX, § 1(h)(1) and Municipal Home Rule Law § 33
to transfer zoning powers exercised in the Village of Atlantic Beach from the Town of Hempstead to the Village of Atlantic Beach. The transfer of functions is subject to referendum requirements defined above.
The Town Attorney of the Town of Hempstead, asserting that Nassau County is without authority to enact the proposed local law, has cited Incorporated Village of Atlantic Beach v. Town of Hempstead,27 A.D.2d 566 (2d Dep't 1966), aff'd, 19 N.Y.2d 929 (1967). That decision upholds the validity of section 1607 of the Charter. The question whether the County has authority to amend section 1607, however, was neither presented nor addressed in that case.
The Town Attorney has also cited section 154(8) of the Nassau County Charter as barring amendment of the Charter by local law, rather than by legislative amendment of Chapter 879. Section 154(8) of the Charter provides:
 Restriction on county legislation. Notwithstanding any provision of this chapter, the county legislature of the county shall not be deemed authorized by this article [County Charter, Article I] to adopt a local law, which supersedes a state statute now in force or hereafter enacted by the legislature, if such local law:
 . . .
 8. Applies to or affects any provisions of law relating to the property, affairs or government of any village within the territory of such county.
The Town Attorney believes that the proposed Charter amendment giving the Village of Atlantic Beach zoning powers would violate this provision. Therefore, he concludes that the proposed amendment is unauthorized. We disagree.
In our view, this provision does not apply to the proposed amendment of the Charter. The State Legislature, through Chapter 879 of the Laws of 1936, established a form of charter government which could be made applicable through local option of eligible counties. Nassau County, the eligible county, adopted the form as its County Charter. Therefore, the proposed amendment of section 1607 would not amend or supersede a State law (Chapter 879) within the meaning of section 154(8), but would constitute only an amendment of the Nassau County Charter.
In addition, section 154(8) of the County Charter restricts the County's exercise of legislative authority under the charter. See County Charter §§ 101 — 103. It does not speak to the exercise of legislative authority granted to the County under other provisions of law. Amendment of the County Charter under current Article IX, as implemented by Municipal Home Rule Law Article 4, to transfer the zoning function to the Village of Atlantic Beach, would not be County legislation adopted under the authority of the Charter and thus would not be prohibited by section 154(8). Rather, the transfer of functions by local law would be achieved pursuant to a separate grant of legislative authority and would be subject to village voter approval.
We conclude that Nassau County may enact a local law amending its County Charter to grant zoning powers to the Village of Atlantic Beach. The local law would be a transfer of functions and therefore subject to the referendum requirements of the Constitution.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Solicitor General
In Charge of Opinions
[1] Recognizing the significance of a transfer of functions, the Constitution requires approval of the transfer by a majority of the voters in the area of the county outside of cities as a unit, in the cities of the county as a unit and, where a function is transferred to or from a village or villages, approval by the voters of the villages that are affected. N.Y. Const, art. IX, § 1(h)(1).
[2] Moreover, Article IX, § 3(b) of the State Constitution, by its express terms, authorizes Nassau County to amend its Charter by providing that "acts of the legislature or of local legislation shall continue in force until repealed, amended, modified or superseded in accordance with the provisions of this constitution." (Emphasis supplied.)